CARY S. VISE *et al.*, Appellants, *v.* THE COUNTY OF HAMILTON, Appellee.

APPEAL FROM HAMILTON.

An attorney appointed by the court to defend a criminal, cannot recover for his services from the county in which the prosecution is made.

The court may compel an attorney, as one of its officers, to defend a prisoner, in case of his inability to employ counsel.

APPELLANTS were appointed by the Circuit Court of Hamilton county to defend a criminal indicted for "forgery," who desired counsel, and was unable to employ any, for his defense. At the subsequent term of the County Court of Hamilton county, the appellants laid in a claim of twenty dollars each, against the county, as a fee for defending said criminal, which the court refused to allow. An agreed case was made out and sent up to

Vise et al. *v.* The County of Hamilton.

the Circuit Court, showing that the appellants were regularly appointed by the court to defend, as aforesaid, and also that the services were rendered, and that twenty dollars each was a reasonable fee for the services.

At the May term of the year 1857, of Hamilton Circuit Court, when said agreed case was brought on to be heard, the court decided that the county was not liable for the fee of appellants, for defending a criminal in such case, and affirmed the judgment of the County Court.

An appeal was prayed from the judgment of the said Circuit Court, and the cause is now brought into this court for the purpose of testing the question of the liability of the county for the fee of the appellants for the service rendered.

R. S. NELSON and VISE & McELVAIN, for Appellant.

J. S. ROBINSON, for Appellee.

SKINNER, J. The plaintiffs below, being attorneys of the court, were appointed by the Circuit Court of Hamilton county to defend a person indicted for forgery, and unable to employ counsel. They entered upon the conduct of the defense, and their services rendered are proved worth twenty dollars, for which they seek to charge the county. The county was not a party to the prosecution, and had no authority or control in the matter, nor did the county employ the plaintiffs to perform the services. There can, therefore, be no *assumpsit* in law on the part of the county to pay what the services were worth. The prosecution was carried on " in the name and by the authority of the People of the State of Illinois," and with it the county had no concern, or power of interference, and was under no obligation to furnish counsel for the accused. In criminal prosecutions, the accused has the right to be heard, and to defend by himself and counsel, and such is the benignity of our institutions, that, lest the innocent suffer for want of proper defense, the court, in case of inability of the accused to obtain counsel, will appoint counsel for him, and may compel the counsel, as an officer of the court, subject to its authority, to defend the accused against unjust conviction.

The law confers on licensed attorneys rights and privileges, and with them imposes duties and obligations, which must be reciprocally enjoyed and performed. The plaintiffs but performed an official duty, for which no compensation is provided. *Edgar County* v. *Mayo,* 3 Gil. R. 82.

*Judgment affirmed.*