### J. H. CARPENTER and E. T. SPRAGUE *vs.* THE COUNTY OF DANE, Appellants.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 16.]                    [Decided October 11, 1859.

#### County—Criminal Law—Attorney—Poor.

The county in which a criminal prosecution is had, is liable to pay for the services of an attorney appointed by the circuit court, to defend the criminal.

The circuit court has the power, and it is its duty to assign counsel to criminals unable to secure such counsel, as fully as though the power was enjoined by statute.

But such power should be exercised with due caution to prevent imposition and abuse of the humane provisions of the law for the protection of the innocent and destitute citizen.

The facts in this case are sufficiently stated in the opinion of the court.

*E. W. Keyes,* District Attorney, for the appellant.

*Carpenter & Sprague,* for the respondents.

*By the Court*, COLE, J.   The facts in this case were stipu-
lated and agreed upon, by and between the respondents, and
the district attorney of the county, from which it appears that
J. H. Carpenter, one of the respondents, was appointed by
the circuit court of Dane county, to defend one Philip Rich-
ardson, indicted for petit and grand larceny; the said Rich-
ardson being in such destitute circumstances as to be unable
to employ counsel for himself; that Carpenter rendered the
services in the defense of Richardson, in consequence of such
appointment; that Sprague, the other respondent, is and was
at the time of the rendition of such services, his co-partner in
law; and that the claim for such services was duly presented,
with the proof thereof, to the county board of supervisors, and
disallowed.   From the decision of the board disallowing the
claim, the respondents took their appeal to the circuit court,
and upon the stipulation of facts, the circuit court gave judg-
ment in their favor.    The cause has been brought to this
court by the district attorney, to determine whether a county
where a prosecution is had, is liable for the services of an
attorney appointed by the court to defend a criminal.  We are
clearly of opinion that it is.

It was insisted by the attorney for the county that as there
was no provision in the constitution or statutes of the state,
fixing the liability upon the county for such services, that/
therefore the county could not be held liable for them.   It is
true, we find no express provision of law declaring that the
county shall pay for services rendered by an attorney appoint-
ed by the court, in defending a person on trial for a criminal
offence ; and yet, it would be a reproach upon the adminis-
tration of justice, if a person, thus upon trial, could not have
the assistance of legal counsel because he was too poor to
secure it.   Section 7 of art. I., of the constitution of this state,
and § 2 of chap. 164, R. S., 1859, humanely and wisely pro-

Carpenter & Sprague vs. Dane County.

vide that in all criminal prosecutions, the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf, &c. Now, is the right to meet the witnesses face to face, and to have compulsory process to compel the attendance of unwilling witnesses, more important, or more valuable to a person in jeopardy of life or liberty, than the privilege of having the benefit of the talents and assistance of counsel in examining the witnesses, or making his defense before the jury? And would it not be a little like mockery to secure to a pauper these solemn constitutional guaranties for a fair and full trial of the matters with which he was charged, and yet say to him when on trial, that he must employ his own counsel, who could alone render these guaranties of any real permanent value to him.

The people of a county elect a district attorney whose chief duty it is to prosecute and bring to justice violators of the laws of the state. He is properly paid for his services out of the county treasury. It does not materially affect the question, in the light we are now considering it, that provision for the payment of his salary is made by law, or a regulation of the county board. The duty and obligation of paying him an adequate compensation for his services rests confessedly upon the county. So of other expenses incident to the administration of criminal law. But surely the citizens of a county are vitally more interested in saving an innocent man from unmerited punishment than in the conviction of a guilty one. Suppose a man too poor to retain counsel to be put upon trial for an offence involving his liberty for life; the constitution declares that he shall enjoy the right to be heard by himself and counsel. He is entitled to have compulsory process to compel the attendance of witnesses; they are to be sworn and give their testimony in his presence, and the na-

ture and cause of the accusation must be accurately set forth in the indictment.    Why this great solicitude to secure him a fair trial if he cannot have the benefit of counsel?

Is it said that the court should, under such circumstances, assign the accused counsel, who must perform services gratuitously ?    But why should an attorney be required to devote his time, attention and all the energies of his nature, to the defense of a criminal, for nothing ?    It may be that he is interested in seeing justice done, but really not more so than every other citizen.    It is the boast of the profession that its members have ever been ready to volunteer their services in behalf of the unfortunate, despised, degraded criminal, so that he should have a fair trial.    But is it just to impose upon them the burden of laborious and gratuitous services, or the alternative of 'witnessing all principles of law and justice outraged in the conviction of an undefended prisoner ?    It seems eminently proper and just that the county, even in the absence of all statutory provision imposing the obligation, should pay an attorney for defending a destitute criminal.

We are referred on the argument, by the district attorney, to the case of *Vise et al. vs. The County of Hamilton,* 19 Ill. R., 78, where it was held that an attorney appointed by the court to defend a criminal, could not recover for his services from the county in which the prosecution is had.    The reasoning in that case is not very satisfactory to our minds, and it is fully and conclusively answered in the case of *Webb vs. Bird,* 6 Ind. R., 13, and of *Hall vs. Washington Co,,* 2 Green's (Iowa) R., 473, where this question is ably discussed.    The counsel for the county in the case under consideration seemed to think that the courts in the cases just cited, held the counties liable for services performed by an attorney in defending a pauper prisoner upon some special statutory enactment, and not on the broad ground that the service was required by competent legal authority, and having been rendered, the

county was properly chargeable with it. We do not so understand them. In the decision in *Hall vs. Washington Co.*, a provision of the statutes of Iowa is cited, which requires that the court shall assign counsel to defend the prisoner, in case he cannot procure counsel himself. But the power and duty of the circuit courts of this state to assign counsel to criminals unable to secure that counsel, are as clear and complete as though expressly enjoined upon them by statute. And this duty has generally been recognized by those courts. It is of course the duty of the circuit courts to exercise the power of appointing attorneys to defend criminals with proper caution, and only in cases where the circumstances of such criminals are such that they are unable to secure counsel for themselves. Complaints may have arisen because this power of the circuit courts may have been exercised when it was not necessary, the criminal being himself entirely competent to pay his own counsel. This is wrong, and the practice ought to be abandoned. But in really meritorious cases, the duty of the court and the obligation of the county are equally clear and manifest. See the cases of *Gaston vs. The Board of Commissioners of Marion Co.*, 3 Ind. R., 497 ; *Blythe vs. The State*, 4 id., 525 ; *Commissioners vs. Hall*, 7 Watts, 290.

We think the judgment of the circuit court is right, and should be affirmed.