Samuels v. The County of Dubuque.

*Appeal from the Bremer District Court.*

FRIDAY, OCTOBER 10.

*John E. Burke* for appellants.

*Wright & Avery* for appellees.

## SAMUELS v. THE COUNTY OF DUBUQUE.

1. CONSTITUTIONAL LAW: ATTORNEY'S FEES. Section 4168 of the Revision of 1860, which establishes the maximum of attorney's fees for the defense of criminals, under appointment by the court, is not inconsistent with § 18, Art. 1 of the Constitution.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 10.

THE facts are stated in the opinion of the court.

*Samuels, Allison & Crane,* for the appellant, cited *Webb* v. *Bard,* 6 Ind., 17; *Gaston* v. *The Board of Commissioners,* 3 Id., 497; *Alleghany County* v. *Watt,* 3 Penn. S. R.,

462; *Walcott* v. *Walcott*, 9 Verm., 37; *Vermillion County* v. *Knight*, 1 Scam., 97; *Hall* v. *Washington County*, 2 G. Greene, 476; dissenting opinion of GREENE, J., in *Whicher* v. *Cedar County*, 1 Id., 218.

*W. T. Barker* for the appellee.

LOWE, J. — Plaintiff was appointed by the District Court of Dubuque county, to defend two pauper criminals, one for grand, the other for petit, larceny, for which he charged $110, and presented his bill for that amount to the board of county supervisors, who allowed him $25 for said services, which plaintiff declined to accept, and afterwards instituted this suit in the District Court, to recover the said sum of $110. As the above facts were disclosed, among other things, upon the face of the petition, the defendant demurred:

*First.* Because the compensation in such cases is the subject of statutory regulation, and the amount fixed by law was allowed by the board of supervisors to the plaintiff.

*Second.* That the action of said board in the premises cannot be reversed by an original suit in the District Court.

The demurrer was sustained, and the suit dismissed. This ruling is now claimed to be erroneous. The chief, and indeed the only, point made in the argument of counsel for the plaintiff is, that § 4168 of the Revision of 1860, establishing the maximum of fees which an attorney appointed by the court to defend a person indicted for any offense, (on account of such person being unable to procure counsel,) violates the eighteenth section of the first article of the Constitution, which provides "that private property shall not be taken for public use, without just compensation."

The argument is, that professional services rendered in defense of a criminal is property in the sense of the Constitution, and that when such services are reasonably worth

one or two hundred dollars, the party rendering them, cannot be compelled to accept $25 for the same; that this last sum under the circumstances, would not be a *just compensation*, in the true meaning of the Constitution. The inconclusiveness of this reasoning is too manifest to require a formal notice. It overlooks the fact, that the compensation, in cases of this kind, must be paid from the county revenue, the collection and disbursement of which are under the general control of the Legislature. It also overlooks the still more important fact, that attorneys are officers of the law, whose fees, duties and responsibilities may legitimately be the subject of legislative regulation, like that of other officers, and inasmuch as a *class*, they enjoy certain special privileges under the law, something is justly expected from the *esprit de corps* of the profession in effectuating the policy of the government, in giving to every pauper offender arraigned for trial, the assistance of learned counsel. We hold, therefore, that there was no error in sustaining the demurrer, and the judgment below will stand

Affirmed.