WEISBROD, Survivor &c., vs. THE BOARD OF SUPERVISORS OF WINNEBAGO COUNTY.

*Liability of county for services of counsel appointed to defend a prisoner under indictment.*

Counsel appointed by the circuit court to defend a prisoner indicted for crime cannot recover against the county for services rendered in the *supreme court* upon exceptions or error in the same cause, no appointment having been made in this court.

APPEAL from the Circuit Court for *Winnebago* County.

*Whittemore & Weisbrod* presented to the board of supervisors of said county their account for services in making briefs and oral arguments in the supreme court at two different terms, in the case of *The State v. Cole;* and the account having been disallowed, recovered a judgment for the amount thereof in the circuit court. The defendant appealed.

*A. A. Austin*, District Attorney, for appellant.

*Chas. A. Weisbrod, contra.*

DIXON, C. J. The question in this case is, whether counsel appointed by the circuit court to defend a poor prisoner indicted for crime, may charge the county for their services in this court upon exceptions or error in the same case, no appointment having been made by this court. The plaintiff relies

JANUARY TERM, 1866. 419

Weisbrod vs. The Ch. & N. W. R. R. Co.

upon the decisions of this court in *Carpenter & Sprague v. Dane County*, 9 Wis., 274, and *County of Dane v. Smith*, 13 Wis., 585. In those cases we held that the liability of the county resulted from the power of the circuit court to appoint; and it is manifest from the nature of the power that it can only be exercised by that court in prosecutions or trials pending before itself. It can have no force or efficacy when the cause is removed elsewhere, and especially when it is removed to this court. Whether the prisoner should have the assistance of counsel here at the expense of the public, is a matter resting in the sound discretion of this court, and to be determined by this court upon investigation and knowledge of the facts. We made no order, and therefore there is no legal claim or foundation for any legal claim against the county for the services for which the action is brought.

*By the Court.*—Judgment reversed, and cause remanded with directions that it be dismissed.