Milton H. Case *v.* The Board of County Commissioners of Shawnee County.

*Error from Shawnee County.*

The law makes provision for the appointment, by the district courts, of members of the bar to defend persons charged with crime in certain cases, but makes no provision for compensation therefor; and *held* that there is no *assumpsit*, no obligation to pay, on the part of the county.

The facts of the case appear in the opinion of the court.

*Guthrie* and *Case*, for plaintiff in error.

*Tom. Ryan*, for the defense.

*Guthrie* submitted :

Sec. 2 of an act relating to the organization of courts (*Comp. L.*, 454), provides that the "district courts shall have full power * * * to assign * * attorneys to prisoners who may be unable to employ counsel." The jurisdiction of the court is unlimited, and its proceedings will be presumed regular. In assigning counsel, in a proper case, it only performs a duty.

Sec. 139 of the Crim. Code (*Comp. L.*, 257) still more directly imposes the same duty upon the court. *See*, also, §10, *Bill Rts., St. Const., Comp. L.*, 50.

Hence the conclusion that a person accused of crime is guaranteed counsel by the law, and the duty is imposed upon the court to appoint such counsel.

There is, therefore, an implied agreement on some person, body or tribunal, to pay therefor. The county is liable for all expenses incurred, by or through the district court. 6 *Ind.*, 13 ; 3 *id.*, 447; *Alleghany Co.* v. *Watts*, 3 *Pa. St.*, 462 ; 9 *Wis.*, 274 ; 13 *id.*, 586 ; 20 *id.*, 418 ; 2 *Greene* (*Ia.*), 473.

Any other rule would impose a burden on a class, that is unequal and unjust, particularly in this state, where no special privileges are granted to that class by the law, as in fee bills, fees, &c., as in other states.

*By the Court*, KINGMAN, C. J.

An agreed case was submitted to the district court of Shawnee county, in which the facts were briefly these : The plaintiff in error had been appointed to defend a man charged with larceny, and had performed

his duty as such attorney. The case was such an one as authorized the district court to make the appointment, and the plaintiff was duly qualified to act. After the performance of the duty to which he was appointed, the district court made an allowance of $15 for his services. The county board refused to allow the claim. The plaintiff appealed to the district court, and that court confirmed the decision of the county board, and gave judgment against the plaintiff for costs. The plaintiff seeks in this court to have that decision reversed. The argument was earnest and eloquent, and would probably have brought conviction in the minds of the court, had they been engaged in making laws instead of declaring what the law is. The law makes provisions for such appointments, but not for any compensation. Whether this is the result of oversight, or design, is alike immaterial; the fact is fatal to the plaintiff's claim.

We admit that the courts of Indiana and Wisconsin have, in cases like the one at bar, and in the absence of legislation, ruled otherwise. (9 *Wis.*, 274; 13 *id.*, 586; 20 *id.*, 418; 6 *Ind.*, 13.) It is not our purpose to review those cases. We can only again assert that the reasonings of each and all of them are directed to the law-making power, not to the judicial tribunals. In the Indiana case, the court, after having settled the case, acknowledged their impotency in the matter by declaring the inability of the court assigning counsel "to settle the amount of compensation or make an allowance."

The great and inherent error in the Wisconsin cases, as well as in the Indiana case, is in a misapprehension of the relations which an attorney, appearing for a pauper by assignment of a court, bears to the com-

33

munity. There is no contract between them. The court assigns counsel, not employs one. The county cannot control the prosecution ; it is not for its benefit, nor in its name, and therefore there can be no implied assumpsit in the case—no legal obligation to pay.

It is true that it would be a disgrace to the jurisprudence of the age if a man should be tried without counsel, merely because he is poor. It would be a worse disgrace if a man were allowed to starve, in a country like this. Yet if the legislature makes no provision for the poor, those who give in private charity would look in vain to the county for reimbursement. The considerations urged in this case are strong, the reasoning satisfactory, but the court is powerless.

The law has given us no power. If the boards of county commissioners close their bars to the appeals, and the legislature will not act, then, as heretofore, the matter must rest in the tender conscience and manly honor of the members of the bar.

The decision of the court below is affirmed.

All the justices concurring.