HENRY S. KELLEY *et al.*, Plaintiffs in Error, *v.* ANDREW COUNTY, Defendant in Error.

1. *Indigent defendants in criminal cases — Counsel appointed to defend, compensation of.* — Where the Circuit Court appointed attorneys at law to defend a person arraigned before it for a felony, and who was without counsel or means to employ counsel for his defense, the Legislature has failed to make any provision for the pecuniary compensation of those who, under the appointment of the court, rendered him this service.

2. *County not liable for costs and expenses in criminal cases.* — Under sections 1 to 4, ch. 219, Gen. Stat. 1865, pp. 865-6, the costs and expenses of prosecutions by the State for criminal offenses, where defendant is unable to pay them, are chargeable to the State—not to the county in which the trial is had; and therefore, if any compensation is to be paid to attorneys appointed by the Circuit Court to defend such person, such compensation is not payable by the county.

3. *Promise, when implied.* — The law implies a promise where there is an antecedent legal duty and obligation—as, where services are rendered on the employment of a party, the law will imply a provision on the part of the employer to make payment therefor. And the rule applies to employment of counsel by counties or their agents. But the facts showing such legal obligation must be made to appear.

4. *County — Criminal Prosecutions — Costs, payment of.* — Under our system, it is clearly the purpose and policy of the Legislature to relieve counties from the costs and expenses resulting from prosecutions for murder.

*Error to Fifth District Court.*

The facts sufficiently appear in the opinion of the court.

*Rea & Kelley*, for plaintiffs in error.

I. The constitution provides that every person charged with crime shall be heard by himself and counsel, etc. (art. I, § 18, Gen. Stat. 1865, p. 23); and the statute provides that "if a defendant, on being arraigned for a felony, shall satisfy the court that he is without, and unable to employ, counsel, the court shall assign him counsel, not exceeding two," etc. (Gen. Stat. 1865, p. 844, § 4.) The constitution and statute having authorized and required the employment of counsel in such case by the court, the obligation and duty of paying for the services rendered under the employment follows as a necessary consequence. The power and authority to employ, necessarily and by implication, involve

the duty of paying at least a reasonable compensation for the services. (34 Mo. 383 ; 7 Watts, Penn., 290 ; 3 Penn. St. 462 ; 3 Ind. 497 ; 6 Ind. 13 ; 13 Ohio St. 388 ; 2 Green, Iowa, 473 ; 9 Wis. 274 ; 13 Wis. 585 ; 20 Wis. 418.)

II. The treasury of the county which bears the expense of the support, imprisonment, and trial of a prisoner, should also be chargeable with his defense. The Circuit Court is in some sense a county court ; *i. e.*, a court of the county. The county must defray its expenses, etc.

III. The judge must be regarded as the agent of the county ; and the statute being silent as to the matter of compensation, the county is liable, *ex necessitate*, upon an implied *assumpsit*, for the value of the services rendered under such employment. The question raised in this case, although a new one in this State, has been ruled upon in several of our sister States. (Webb v. Baird, 6 Ind. 13 ; Hall v. Washington County, 2 Green, Iowa, 473.) In these States there was no law authorizing the court to assign counsel, but the courts hold that this power is incident to and inherent in the court, and, in the absence of any law upon the subject, the county is liable, *ex necessitate*, for a reasonable compensation. (In Indiana, however, neither the State nor the county pays costs in criminal cases in any event.) It has been the practice in Ohio to pay for such services out of the county treasury. (13 Ohio St. 388 ; 9 Wis. 274 ; 13 Wis. 585 ; 20 Wis. 418.) In Wisconsin there is no statute authorizing the assignment or payment of counsel in such a case, yet the court holds the county liable ; and, moreover, it not only holds the county liable in the absence of any statute authorizing it, but it declares a statute prohibiting payment by the county unconstitutional. (13 Wis. 585 ; 7 Watts, 290 ; 3 Penn. St. 462 ; 3 Ind. 497 ; 4 Ind. 525 ; 5 Ind. 296.)

*Miller*, *Chandler & Kinly*, for defendant in error.

I. The right of counsel assigned to defend prisoner to compensation for services rendered in that behalf, having heretofore not been adjudicated by the courts of the State, is submitted in the light of chapter 138, Gen. Stat. 1865, adopting the common

law of England as the rule of action and decision in this State. These statutory provisions obviously reflect the intention of the law-makers in fixing a dividing line between State and county liability for costs in criminal prosecution. The cases of County of Dane v. Smith, 13 Wis. 585, Webb v. Baird, 6 Ind. 13, and Hall v. Washington, 2 Green, Iowa, 473, are relied on as pointed authority by plaintiffs. The court decided these cases upon the following grounds: 1. The right of counsel to compensation; 2. On the ground that the county is chargeable with all the costs and expenses growing out of or incident to criminal prosecutions; and, 3. Because of the existence and exercise of a power inherent in the court to order services to be performed in behalf of criminal prosecution, for which, when performed, one so performing was entitled to compensation. Now, if all three propositions concur under our law and our system, then the case, in point of authority, is well recited; but if they do not concur, it is otherwise. First, in our State it is questionable, to say the least of it, whether an attorney performing such services under direction of the court is entitled to compensation; second, the county is not chargeable with all costs and expenses incident to criminal prosecutions. And if either of these propositions does not exist in our State, then no implied *assumpsit* lies against the county.

II. The statute of Missouri has drawn a nicely-defined distinction and dividing line between State courts and county courts, their powers, jurisdictive functions, and liabilities. And a court of general jurisdiction, of the dignity and powers of a Circuit Court and judge thereof, amenable to State authorities for malfeasance and non-feasance in office, is a State court. The Legislature has in its wisdom provided that the State, and not the county, shall pay costs of criminal prosecutions.

III. But plaintiffs rely upon an implied *assumpsit*. Upon whom does such implied responsibility rest? Certainly not upon the county, under our system.

CURRIER, Judge, delivered the opinion of the court:

The bill of exceptions shows that on the trial of this cause in the Circuit Court it was "admitted and agreed that John F.

Chandler was, at the April term, 1867, of the Andrew County Circuit Court, arraigned on an indictment for murder in the first degree; that he showed to the satisfaction of the court that he had no counsel, and that he was without any means, and wholly unable to employ counsel for his defense; * * that the court thereupon appointed the plaintiffs, who were regular practicing attorneys in said county, to defend said Chandler against said charge of murder, and made an order of record to that effect; that the plaintiffs, pursuant to said order, * * took charge of the defense of said Chandler, and defended him faithfully, diligently, and well, until final judgment." It was also proved, as the bill of exceptions states, that the services thus rendered were worth three hundred dollars. These are all the material facts appearing in the record, and from them the court is asked to deduce the legal conclusion that the county of Andrew (the defendant) is liable to the plaintiffs for the value of their professional services rendered in the defense of Chandler.

The constitution of the State (art. I, § 18) provides " that in all criminal prosecutions the accused has the right to be heard by himself and his counsel;" and by the statute (Gen. Stat. 1865, ch. 212, § 4) it is enacted that " if any person about to be arraigned upon an indictment for a felony be without counsel to conduct his defense, and be unable to employ any, it shall be the duty of the court to assign him counsel, at his request, not exceeding two, who shall have free access to the prisoner at all reasonable hours." These provisions, no doubt, are quite in accordance with the spirit and principles of our Christian civilization, and deserve to be liberally construed and generously carried into effect, for the amelioration of the condition of the class thereby intended to be benefited. But these reflections do not materially contribute to the solution of the particular question before us. Chandler has had and enjoyed the fullest benefit of the benevolent provisions of the law in his behalf; but the Legislature has failed to make any provisions for the pecuniary compensation of those who, under the appointment of the court, rendered him service. It is at least within the range of a reasonable conjecture that this omission was intentional; that the stat-

ute in behalf of the friendless and destitute who are charged with crime was framed upon the idea that members of the legal profession, in the interests of humanity and as an honorary and humane duty, would for such persons, under such circumstances, on the appointment of the court, render their professional services and skill without fee or pecuniary reward; and that has been the practice in this and other States; and the fact is significant that this is the first case of the kind that has appeared upon the record of the court in the whole course of our judicial history. The practice has been so uniform, general, and long continued, that it might, perhaps, be regarded as an established professional usage or custom, so that those who assume such service may be understood as undertaking it gratuitously and without reference to pecuniary profit.

Rejecting, however, the idea of gratuitous service in behalf of the class in question as too fanciful and romantic, and applying to the facts of the case the principles governing contracts express or implied, what were the legal relations and duties existing between the plaintiffs and the county of Andrew, as regards these services? We are referred to the case of Commissioners v. Hall, 7 Watts, 290, where Gibson, C. J., says, in reference to certain jury expenses incurred under the direction of the court in a criminal case, that the court had no "power to contract for the commissioners (county), nor is that pretended; but the law which gives the power to order implies the promise to pay, and it will certainly not be asserted that the county commissioners were bound by nothing less than an express contract." The case is put upon the grounds of an implied contract or undertaking. Can the present suit stand on that ground? The law implies a promise when there is an antecedent legal duty and obligation—as, where services are rendered on the employment of a party, the law will imply a promise on the part of the employer to make payment therefor. But no agent of the county of Andrew employed the plaintiffs, and the plaintiffs rendered no service in the interest of that county—no service which that county was under any legal obligation to see performed. Andrew county was neither prosecuting, defending, nor supporting the prisoner. It

Kelley et al. v. Andrew County.

does not appear that the prisoner was an "inhabitant" of Andrew county in the sense of the poor laws. (Gen. Stat. 1865, p. 232, §§ 1, 3.) It therefore does not appear that the county was under any legal obligation to relieve and support the prisoner, or come to his assistance in any form. The county had no agency either in his prosecution or defense. He was prosecuted by the State, through the instrumentality of its agents and officers; and the expense of that prosecution, including "fees for board," was chargeable to the State (Gen. Stat. 1865, pp. 865-6, §§ 1-4), and not to the county. A State officer, under the authority of law, appointed the plaintiffs to conduct the prisoner's defense. He was wholly under the control of State authority, and the only connection which the county of Andrew appears to have had with him consisted in the fact that he was tried within the limits of its territorial jurisdiction. There appears, therefore, no basis of fact, law, or legal duty, upon which to raise an implied promise on the part of the county to pay the claim sued on in this action.

If the law imposed upon the county the expense of the prisoner's support, or the costs of his prosecution, one or both, the case might merit a different consideration.

In Wisconsin, Indiana, and Iowa, it is held that the counties are chargeable with the fees of counsel appointed by the court to conduct the defense of a poor person in a criminal prosecution. (9 Wis. 274; 13 Wis. 585; 6 Ind. 13; 2 Green, Iowa, 473.) We have not, at the present time, access to the statutes of these States, and are therefore left to inference as to the treasury from which the costs, in this class of criminal prosecutions, are drawn. In the 13th Wisconsin, the court say that "all such expenses are chargeable" to the counties, under their system. That alters the case materially; for, however just and meritorious the plaintiffs' claim, it does not follow that the county is liable for its payment. Under our system it is clearly the purpose and policy of the Legislature to relieve counties from the costs and expenses resulting from this class of criminal prosecutions, and to impose such charges on the general treasury of the State.

In Illinois, it is held to be the duty of an attorney, as an officer of the court, upon the appointment and direction of the court,

to defend poor persons charged with crime, who are unable to employ counsel, and to do so gratuitously. (19 Ill. 78; see 1 Manning, Mich., 46; 17 Cal. 61.) But we do not place the decision in this case on that ground. We simply hold, upon the grounds stated, whatever the moral or legal merit of the plaintiffs' claim, that the county of Andrew is not liable for it.

The judgment of the District Court is affirmed. The other judges concur.