## ARKANSAS COUNTY VS. FREEMAN & JOHNSON.

ATTORNEYS:

Attorneys appointed by the court, to defend persons charged with crime and unable to employ counsel, are not entitled to compensation.

APPEAL from *Arkansas* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*Gibson*, for appellant.

*Dooley*, contra.

HARRISON, J.:

The appellees, who are attorneys and counsellors at law, were appointed by the Circuit Court of Arkansas County, to defend a person indicted for an assault with intent to kill, who was unable to employ counsel. After they had performed the duty, the judge certified to the County Court, an account in their favor against the county for $50 for their services. The County Court

Arkansas County vs. Freeman & Johnson.

refused to allow the claim, and they appealed to the Circuit Court. In the Circuit Court they recovered judgment against the county for the amount of their claim.

The statute, sec. 1,824, Gantt's Digest, makes it the duty of the court, if any person about to be arraigned upon an indictment for a felony, be without counsel to conduct his defense, and unable to employ any, to assign him counsel, at his request. It makes no provision for any compensation to the counsel so appointed.

The appellees, however, contend, that the performance of the duty assigned them by the court, imposed an obligation on the county to pay them for their services.

We do not think that such is necessarily the case.

The legislature has with great particularity fixed the fees of officers, and provided for the expenses attending the holding of the courts, and the trial of persons accused of crime, and it seems improbable if it intended the counsel in such cases to be compensated, it would not have fixed and directed the payment of his fee. Such an omission indicates rather the purpose of the legislature to make such services gratuitous. The County Court can allow no claim against the county, for the payment of which the law has made no provisions. *Crittenden County* v. *Crump*, 25 Ark., 235; *Williams et al* v. *Ewing & Fanning, ante; Irivn* v. *Commissioners, etc.*, 1 Serg. & Rawls, 550.

Attorneys are a privileged class; they only are permitted to practice in the courts; and they are officers of the court. The law confers on them rights and privileges, and with them imposes duties and obligations to be reciprocally enjoyed and performed. The services required of them, in cases like the present, are such as charity and humanity demand in behalf of the destitute and defenseless; and the presumption cannot be admitted that they serve in expectation of fee or reward. The appellees

but performed a duty, which their relation to the court and the public required of them.

The decisions in other States, upon statutes similar to ours, have not been uniform. In Indiana, Iowa, and Wisconsin, the county is held chargeable. In Illinois, California, and Kansas, such liability is denied. *Blyth* v. *The State*, 4 Ind., 525; *Webb* v. *Baird*, 6 Ind., 13; *Hall* v. *Washington County*, 2 Green, 473; *Dane County* v. *Smith*, 13 Wis., 585; *Vise* v. *Hamilton County*, 19 Ill., 78; *Rowe* v. *Yuba County*, 17 Cal., 61; *Case* v. *Shawnee County*, 4 Kan., 511.

The judgment of the court below must be reversed, and the cause remanded to it with direction to render judgment in favor of the defendant.