# Wayne County *versus* Waller et al.

90　　　9
29 SC 258
30 SC 234
90　　·99
36 SC 2431

1. Where counsel are assigned by a court to defend a pauper criminal, the county wherein the trial is had is not bound to pay their fees, nor even the expenses incurred in the preparation and course of the trial. One of the incidents of the office of counsel, who is an officer of the court, is to defend such prisoners gratuitously.

2. At common law no money can be drawn from the public treasury except by virtue of a statute. In Pennsylvania the courts have always proceeded on the safe principle of requiring statutory authority, either in express terms or by necessary implication, for all claims upon the public treasury. If counsel, therefore, make advances on account of the defence of a pauper criminal, they cannot recover such advances from the county.

March 31st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Wayne county :* Of January Term 1879, No. 247.

Case stated, wherein George G. Waller and Henry M. Seely were plaintiffs, and the County of Wayne defendant, as follows:

Mary E. Van Alstine was arrested and committed to the county jail of Wayne county, in August 1878, on the charge of having murdered her husband by poisoning with strychnine, and at September Sessions of the Court of Oyer and Terminer, in said county, she was indicted for murder. Upon November 8th 1878, she presented her petition in writing to the judges of said court, setting forth her poverty and innocence, and praying that the court would assign counsel to defend her, and provide some means of paying the necessary expenses of preparing her case for trial. The plaintiffs, who are attorneys at law, were, thereupon, appointed by the court to defend Mrs. Van Alstine, the court at the same time recommending that the county of Wayne furnish her with one hundred and fifty dollars to meet her expenses and pay her counsel. On 9th December 1878, the trial of Mrs. Van Alstine having been continued at the request of the Commonwealth, and no funds having been appropriated by the county under the recommendation of the court for her benefit, Henry M. Seely, one of the counsel appointed to conduct her defence, presented to the court a petition, setting forth Mrs. Van Alstine's confinement in jail, her poverty, the necessity of incurring expense in properly investigating the case and preparing the defence, and praying the court to direct the county commissioners to appropriate and pay over to Mrs. Van Alstine's counsel the sum of one hundred and fifty dollars for the purpose of defraying such expense, which petition was granted by the court and served upon the county commissioners, who made answer that it would be impossible for them to comply with the order of the court.

On January 13th 1879, a new board of commissioners having come into office, a new order of court was made, directed to the

[Wayne County *v.* Waller.]

commissioners, commanding them to appropriate and pay over unto G. G. Waller or Henry M. Seely, the sum of one hundred and fifty dollars to defray the necessary expenses of preparing Mrs. Van Alstine's defence, or show cause on Saturday, the 18th of January, why an attachment should not issue. To this order the commissioners made answer, denying that the order of the court would protect them in the payment of money for such purpose, denying the right of the commissioners to pay such money, setting forth that the county was largely in debt and the treasury empty, and that the commissioners are of the opinion that they would render themselves personally liable for any moneys which they might appropriate for the purpose mentioned. This answer was adjudged insufficient by the court, and the matter was continued to the 24th of January, at 2 o'clock, with order that attachment should then issue if the money was not paid. On January 24th the matter was left open by consent of counsel in order that a case stated might be prepared and presented to the Court of Common Pleas to try the question of the obligation of the county in the premises. In the absence of any appropriation by the county commissioners, Mrs. Van Alstine being confined in jail without money or property, the said Waller and Seely proceeded, at their private expense, to prepare the defence of Mrs. Van Alstine, and expended in the investigation of the case, necessary to its proper presentation in court, the sum of one hundred and fifty dollars. At February Sessions 1879, of the Court of Oyer and Terminer in Wayne county, Mrs. Van Alstine was tried upon the said charge of murder, defended by these plaintiffs under appointments by the court, and acquitted by the jury.

If the court shall be of the opinion that it was the duty of the county of Wayne, under the direction of the court, to furnish necessary means to enable the counsel assigned by the court to properly investigate the case and prepare the defence of Mrs. Van Alstine, it is agreed that such necessary expense actually incurred was one hundred and fifty dollars, and the court shall direct judgment in favor of the plaintiffs against the defendant for that sum.

If the court shall be of the opinion that the counsel, undertaking and conducting, under assignment by the court, the defence of Mrs. Van Alstine, are entitled to compensation from the county for services so rendered, they shall receive the sum of two hundred dollars, and the court shall direct judgment for the plaintiffs against the defendant for that sum in addition to the sum of one hundred and fifty dollars for expenses above stated.

If the court shall be of the opinion that the county of Wayne is not liable to pay, either for the expense incurred or services rednered by counsel in the preparation and conduct of the defence of Mrs. Van Alstine, then judgment to be awarded for the defendant.

The court, Waller, P. J., after argument, ordered "that the plaintiffs have judgment against the defendant for the sum of three hundred and fifty dollars, to wit: Two hundred dollars for services preparing and conducting the defence of Mrs. Mary E. Van Alstine, under assignment by the court, and one hundred and fifty dollars for the expenses necessarily incurred in the preparation of such defence."

This order was assigned for error by defendant, who took this writ.

*George S. Purdy*, for plaintiff in error.—By the common law, the public pays no costs. As the liability is created by statute, it cannot be extended beyond the limits assigned to it by the legislature. Neither the court, nor the county commissioners, nor any other functionary can bind the county for costs in any way not prescribed by statute: Berks Co. v. Pile, 6 Harris 493; Commonweath v. Horner, 10 Casey 440.

The sixty-fourth section of the Criminal Procedure Act of 1860 (Purd. Dig. 391), provides that "the costs of prosecution accruing on bills of indictment charging a party with felony, shall, if such party be acquitted by the petit jury on the traverse of the same, be paid by the county." Under this statute the plaintiffs below must claim the $150, if at all. The costs and expenses of a defendant in resisting an indictment are no part of the costs of prosecution, and do not accrue upon the bill of indictment: County of Franklin v. Conrad, 12 Casey 317; Huntingdon County v. Commonwealth, 22 P. F. Smith 80. Since the Act of 1860, the costs of a defendant in a case of felony are as at common law, and the county is not liable: Huntingdon County v. Commonwealth, *supra.*

The order, if obeyed by the commissioners, would not discharge them from personal liability to the county for the money so misappropriated, and it would be the duty of the county auditors, upon settlement of the commissioners' accounts, to charge the same back to them: Commissioners of Lycoming v. The County of Lycoming, 10 Wright 496. It has been decided in other states that counsel assigned by the court are not entitled to compensation for their services: Vise v. Hamilton, 19 Ill. 78; Rowe v. Yuba, 17 Cal. 61.

*George G. Waller* and *H. M. Seely*, for defendants in error.— The court was required by law to assign counsel for the prisoner: Act May 31st 1718, sect. 4, Purd. Dig. 1098, pl. 2. The court under the requirements of the act imposed upon two of its officers a specific duty, considered essential to the proper administration of justice in a case then pending before them, involving the life of a citizen of the Commonwealth. Shall it be said the court is absolutely helpless in such a case? That in a case where such an issue is presented justice must go unadministered,

[Wayne County *v.* Waller.]

and the life and character of an innocent citizen must be sacrificed because the court have no power to require the county to provide the means necessary for the reasonable protection of a defendant, without an Act of Assembly expressly conferring it? *Has a court of general criminal jurisdiction no implied powers* by which it can, in an extraordinary emergency, secure the end for which it was created—the administration of justice? It may impose upon a county the expense of boarding and lodging a jury kept together in a capital case: Commissioners *v.* Hall, 7 Watts 290. The coroner may direct a *post mortem* examination, and the county must pay the physician as an expert: Allegheny *v.* Watt, 3 Barr 462. The county in which this court sits is liable for the incidental expenses of the court: McCalmont *v.* County of Allegheny, 5 Casey 417. The county is liable for expense of fuel to keep prisoners comfortable in jail: Richardson *v.* Clarion Co., 2 Harris 200. It is not necessary to multiply authorities. In none of these cases did any statute exist charging the county with any portion of the expenses.

Dr. Wharton, in his work on Criminal Law, vol. 3, sect. 3006, gives it as his view that counsel assigned for defence of poor defendants in criminal courts, have a right of action against the county for their fees, citing: Regina *v.* Fogarty, 5 Cox C. C. 161; Blythe *v.* State, 4 Ind. 525; Dane *v.* Smith, 13 Wis. 585; Hull *v.* Washington, 2 Green 473; Davis *v.* Linn, 24 Iowa 508. We based our claim upon the two grounds: 1. That when the court of general criminal jurisdiction has determined that the payment of certain expenses by the county is necessary to enable the court to perform its legitimate functions of administering justice, and has ordered the county to pay such expenses, a legal obligation is imposed upon the county which will sustain an action. 2. That when the law requires the court to assign counsel to perform certain duties, there is an implied obligation to remunerate them.

We lay our claim upon both grounds, believing them both to be sound, but hoping to recover our *expenses, legitimately as such,* and if this cannot be, then to recover them under the form of fees.

Mr. Justice STERRETT delivered the opinion of the court, May 5th 1879.

This contention arises upon the facts submitted to the court below in the nature of a case stated. The plaintiffs below, attorneys at law, were appointed by the Court of Oyer and Terminer to defend a woman who was indicted for murder. On her petition, the court first recommended and subsequently ordered the payment by the county of $150 to enable her to secure the attendance of witnesses and prepare for trial. The commissioners of the county refused to comply with the request or to obey the peremptory order, claiming that the court had no authority to make it, and that if they acquiesced, they would render themselves personally responsible to the

[Wayne County v. Waller.]

county for the amount so paid. The facts, as fully set forth in the case stated, were presented to the court in the following terms, viz. :—

"If the court shall be of opinion that it was the duty of the county of Wayne, under the direction of the court, to furnish necessary means to enable the counsel assigned by the court to properly investigate the case, and prepare the defence of Mrs. Van Alstine, it is agreed that such necessary expense actually incurred was $150, and the court shall direct judgment in favor of the plaintiffs against the defendant for that sum."

"If the court shall be of the opinion that the counsel, undertaking and conducting, under assignment by the court, the defence of Mrs. Van Alstine, indicted for murder by poisoning, are entitled to compensation from the county for services so rendered, they shall receive the sum of $200, and the court shall direct judgment for the plaintiffs against the defendant for that sum, in addition to the sum of $150 for expenses above stated."

"If the court shall be of opinion that the county is not liable to pay, either for the expense incurred or services rendered by counsel in the preparation and conduct of the defence of Mrs. Van Alstine, then judgment to be awarded to the defendant. Either party to have the right to sue out a writ of error."

The learned judge held that the county was liable for both sums, and entered judgment accordingly; and this is assigned for error.

By the common law, no costs are paid out of the public treasury. In the County of Franklin v. Conrad, 12 Casey 317, it is said the recovery and payment of costs, in criminal cases, are so entirely dependent on statutory regulations in Pennsylvania that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims. We are not aware of any law, common or statute, that requires the county to pay a defendant's costs in a criminal case, or authorizes the court to call upon the county to advance money to be expended by a prisoner or his counsel in subpœnaing witnesses and otherwise preparing for trial. The claim of the plaintiffs below derives no additional strength whatever from the fact that the court first requested and afterwards commanded the commissioners to pay the money. No authority can be found for either a request or peremptory order in such case. If the county commissioners had drawn a warrant for the amount ordered by the court, they would have rendered themselves personally liable for the same, as in the case of The Commissioners v. The County of Lycoming, 10 Wright 496.

The 9th section of the Declaration of Rights gives to the accused, in all criminal prosecutions, the right " to have compulsory process for obtaining witnesses in his behalf." The practice which has obtained, and, so far as we know, is recognised in every criminal court, of awarding process and directing the service thereof, at

[Wayne County *v.* Waller.]

the instance of parties accused of crime, rests upon this sufficient foundation; and no court will turn a deaf ear to the appeal of an impecunious prisoner, who makes timely application for process to bring in his witnesses. It will always be awarded on proper application; the court will see that it is served, and compel the attendance of witnesses. As to the compensation of the clerk who issues, and the officer who serves, the process, and the witnesses who obey it, that is another matter. They cannot be paid out of the public treasury, unless statutory warrant can be found for so doing. In many cases this may be a great hardship, but the remedy, if any is needed, rests with the legislature, not in the courts. As to the officers, such service must be regarded as an incident of official position. They take and hold office *cum onere*. The hardship is greatest on witnesses, especially such as are too poor to pay their expenses while attending court, in obedience to its process, on behalf of an insolvent prisoner. Until otherwise provided for, it must be set to the account of that service which every one at times owes to the government under which he lives and whose protection he enjoys. In Huntingdon County *v.* The Commonwealth, 22 P. F. Smith 80, Chief Justice THOMPSON, speaking of the hardship referred to, expresses regret that suitable legislative provision for such cases does not exist.

It is very clear to us that the county was neither bound to furnish money nor reimburse the defendants in error for the amount expended by them in behalf of the prisoner; and we think it is equally manifest that it was under no legal obligation to compensate them for their professional services. They were officers of the court, and, like others, took their offices *cum onere*. One of these burthens, which custom has recognised, is the gratuitous service rendered to a poor prisoner, at the suggestion of the court. There are, however, some respectable authorities sustaining, on plausible grounds, the opposite view: Hall *v.* Washington County, 2 Green 473; County of Dane *v.* Smith, 13 Wis. 585. In the first of these, it was held, in an opinion delivered by Chief Justice Williams, that inasmuch as the constitution of Iowa guaranteed to the prisoner a speedy trial and "the assistance of counsel for his defence," and as the court acted in obedience to the express mandate of a statute in assigning counsel, and the latter, as an officer of the court, was bound to serve, an obligation arose to pay a reasonable compensation for the service thus rendered, and consequently the county was liable. In the other case, a somewhat similar view was taken, the court remarking that the liability of the county resulted from the exercise of the power and duty of the court to appoint counsel, not because the court was authorized to contract for the county or its officers. In other states it has been decided differently. In Rowe *v.* Yuba County, 17 Cal. 61, Chief Justice Field says: "We are clear that the action cannot be main-

[Wayne County *v.* Waller.]

tained. The Court of Quarter Sessions is not authorized to create any charge against the county, except in certain special cases of which the employment of counsel for parties under indictment is not one. Besides, it is a part of the general duty of counsel to render their professional services to persons accused of crime, who are destitute of means, upon the appointment of the court, when not inconsistent with their obligations to others, and for compensation they must trust to the future ability of the parties. Counsel are not considered at liberty to reject, under circumstances of this character, the cause of the defenceless, because no provision for their compensation is made by law." To the same effect is Vise et al. *v.* The County of Hamilton, 19 Ill. 78, in which it is said : "The law confers on licensed attorneys rights and privileges, and with them imposes duties and obligations, which must be reciprocally enjoyed and performed. The plaintiffs but performed an official duty for which no compensation is provided."

While there is some force in the reasoning of the Iowa and Wisconsin courts, we adhere to the opposite view as according better with a practice which has been almost universal and of such long standing as to have acquired the force of law. In this state we have always proceeded on the safe principle of requiring statutory authority, either in express terms or by necessary implication, for all such claims upon the public treasury. To hold that counsel, appointed to defend insolvent prisoners, may demand compensation from the county, would be a departure from a time-honored custom to the contrary, and it is not difficult to foresee the mischief to which it would lead. It is far better to let such cases rest on the foundation which has hitherto sustained them : human sympathy and a just sense of professional obligation. No poverty-stricken prisoner is ever likely to suffer for want of necessary professional or pecuniary aid.

It is but simple justice to the learned gentlemen who defend against this writ, to say, that in their brief, as well as orally, they disclaimed any desire for remuneration beyond an amount sufficient to reimburse them for their actual cash outlay ; but we find no warrant for sustaining their claim even to this extent.

The judgment of the Common Pleas is reversed and set aside, and judgment is now entered in favor of the defendant and against the plaintiffs below.