[No. 690.   Decided December 6, 1892.]

W. B. PRESBY AND C. H. SPALDING, *Appellants*, v. KLICKITAT COUNTY, *Respondent*.

ATTORNEYS—DEFENSE OF PAUPER CRIMINALS—LIABILITY OF COUNTY.

An attorney is an officer of the court and takes his office with all its burdens as well as all its privileges; and among the burdens thus assumed is that of being obliged, when requested by the court, to conduct without compensation the defense of pauper criminals, unless there is some statutory provision charging the county with such expense.

*Appeal from Superior Court, Klickitat County.*

*Presby & Spalding*, for appellants.

*II. Dustin*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—The appellants, who are attorneys at law, were appointed by the superior court of Klickitat county to defend one Joseph Smith, who was accused, by informations duly filed by the prosecuting attorney, of two separate crimes.   They conducted the defense of the accused at his trial upon both informations, and subsequently

presented to the board of county commissioners of said county a bill for their services, which that body disallowed and rejected. They thereupon instituted this action against the county to enforce the payment of their claim. The court sustained a demurrer to the complaint, dismissed the action, and gave judgment against plaintiffs for costs.

The sole question to be determined on this appeal is whether the county of Klickitat is liable for the services of appellants rendered in pursuance of the appointment of the court.

The constitution of the state guarantees to the accused in criminal prosecutions the right to appear and defend in person and by counsel. And in order that he may not be deprived of this right, under any circumstances, the law, in its beneficence, makes it the duty of the court, in case the accused is unable by reason of poverty to employ counsel, to assign counsel to defend him, if he so desires. Code Proc., § 1271. But the law nowhere makes any express provision for the payment for services rendered by attorneys under such circumstances. It is entirely silent upon the subject. This is admitted by the appellants, but they contend, nevertheless, that, inasmuch as the services rendered by them were not voluntary, but were performed in obedience to the order of the court, which they were not at liberty to disregard, and which the court could not legally refuse to make, there is an implied obligation on the part of the county to pay what such services were reasonably worth. In other words, they claim that the act which required the court to appoint counsel to defend the prisoner in this case, is itself sufficient to authorize the county to pay for the services thus rendered, without further legislation. To support their position appellants argue that the state, having vouchsafed to every citizen accused of an offense against the law a speedy and impartial trial, the attorney who renders services in cases like this employs his

time and labor for the benefit of the public, that is, the state, or at least, for the benefit of one for whom the public were bound to furnish such assistance, and that it cannot, therefore, be presumed that it was the intention of the legislature that no compensation should be received therefor, although no provision is made by law for the payment of such claims.

The further point is made, in the brief of appellants, that to compel attorneys at law to render services gratuitously is, in effect, to cast a burden or to levy a tax upon them not borne by citizens engaged in any other profession or business; and that it is a taking of the time and labor — in other words, the property — of counsel without compensation, and without due process of law, all of which is in violation of the fundamental law of the state.

There is some force in the argument of appellants, and they cite several authorities which sustain their views. *Webb v. Baird*, 6 Ind. 13; *Hall v. Washington County*, 2 G. Greene, 473; *Dane County v. Smith*, 13 Wis. 585.

But the reasoning in neither of the cases is entirely satisfactory or convincing to our minds. We cannot yield our assent to the doctrine that an appointment by the courts, and the rendering of services in accordance therewith, raise a legal obligation, which fixes a liability upon the county to pay for the services thus rendered. Neither can we perceive any special force in the suggestion that the county where the trial is had, or of which the accused may be a resident, is liable because it is charged with the expense of the arrest, imprisonment and trial of all persons accused of crime. Why is the county liable for these expenses? The answer is, simply because the statute so provides. Upon principle it would seem that the state should pay the expense of keeping in confinement those who violate its laws, before, as well as after, trial and conviction, together with the expense of the trial. The law,

however, is otherwise, and the law must prevail whether it be deemed reasonable or unreasonable. In some intances, no doubt, it is a hardship upon an attorney to be obliged to defend poor persons, without compensation, but, when called upon, it is a duty which he owes to his profession, to the court engaged in the trial, and to the cause of humanity and justice, not to withhold his assistance, nor spare his best exertions, in the defense of one who has the double misfortune to be stricken by poverty and accused of crime. Cooley's Constitutional Limitations (5th ed.), p. 408. One of the duties of attorneys enjoined by law in this state is "never to reject from any consideration personal to himself, the cause of the defenseless or oppressed." Code Proc., § 94. An attorney is an officer of the court, and he takes his office with all its burdens as well as all its rights and privileges. And among the burdens thus assumed is that of being obliged, when requested by the court, to conduct, without compensation, the defense of those who are destitute of means, and are accused of crime. *Wayne County v. Waller*, 90 Pa. St. 99; *Vise v. Hamilton County*, 19 Ill. 78. See, also, *Lamont v. Solano County*, 49 Cal. 158; *Rowe v. Yuba County*, 17 Cal. 62; *Bacon v. Wayne County*, 1 Mich. 461.

In *Rowe v. Yuba County, supra*, FIELD, C. J., said:

"It is a part of the general duty of counsel to render their professional services to persons accused of crime, who are destitute of means, upon the appointment of the court; . . . and for compensation they must trust to the possible future ability of the parties."

The same doctrine was re-asserted in *Lamont v. Solano County*, and may be considered the established law in California. It seems clear to us that, if the legislature had intended that counsel should be paid for services rendered in cases of this character, they would have made their intention manifest by some enactment beyond that which

merely prescribes the duty of the court in such cases. The remedy for the evil complained of rests with the legislature, and not with the courts. Where there is no positive law to guide us, no consideration of right or wrong can be of any avail.

As there was no law authorizing the payment of appellant's claim for services by the county, the county commissioners acted rightly in rejecting it, and the superior court committed no error in sustaining the demurrer. It therefore follows that the judgment must be affirmed.

SCOTT, DUNBAR and STILES, JJ., concur.

HOYT, J., not sitting.