THE PEOPLE OF THE STATE OF NEW YORK ex rel. MILFORD D. WHEDON, Appellant, *v.* THE BOARD OF SUPERVISORS, WASHINGTON COUNTY, and Chairman, Clerk and Members Thereof, Respondents.

Third Department, July 8, 1920.

**Attorney and client — assignment of attorney to defend person not charged with capital crime — right to compensation from county.**

An attorney assigned by the court, under section 308 of the Code of Criminal Procedure, to defend a person charged with a crime not punishable by death is not entitled to compensation from the county.

CERTIORARI issued out of the Supreme Court and attested on the 15th day of January, 1920, directed to the board of supervisors of Washington county and to each of the members thereof, commanding them to certify and return to the office of the clerk of the county of Washington all and singular

their proceedings had in rejecting the relator's bill for legal services, rendered pursuant to the order of the court, in defending an indigent prisoner charged with a misdemeanor.

*Milford D. Whedon,* for the relator.

*Robert R. Law,* for the respondents.

JOHN M. KELLOGG, P. J.:

The contention of the relator is that the enactment of section 308 of the Code of Criminal Procedure, which requires the court to assign counsel in certain criminal cases, changes the rule of *People ex rel. Hadley* v. *Supervisors of Albany* (28 How. Pr. 22) and *People ex rel. Ransom* v. *Supervisors of Niagara County* (78 N. Y. 622), and that after the enactment of that provision of the Code of Criminal Procedure the services of counsel, on such an assignment, are a public charge. He overlooks the important fact that the section permits the payment of assigned counsel where the crime is punishable by death. That provision carries with it a recognition of the former law that in other cases compensation cannot be granted. An attorney is an officer of the court and service required by the court from him, for which no compensation is permitted by law, is not depriving him of a constitutional right. There may be cases where such an assignment might be a hardship, but the practice is so reasonable that ordinarily an assignment is not made to counsel which would conflict with his other engagements or which is not agreeable to him.

The writ is, therefore, dismissed, without costs.

All concur.

Writ dismissed, without costs.