**Melvin Leroy TYLER,**

v.

**Warden LARK et al.**

**Norton Y. BEILENSON, Appellant,**

v.

**TREASURER OF the UNITED STATES, Appellee.**

No. 72–1271.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1972.

Decided Jan. 25, 1973.

---

Donald S. Singer, Clayton, Mo., for appellant.

J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and VAN PELT, Senior District Judge.*

VAN PELT, Senior District Judge.

Appellant was appointed to represent an indigent state prisoner in federal court. The prisoner had instituted a civil rights action based upon his claim of an alleged beating received in a St. Louis jail. In oral argument this court was informed that a trial to a jury, taking three days, was had, and that the verdict was for the defendants and against the civil rights plaintiff. Thus, there was no recovery out of which counsel could be compensated. Subsequent to the trial counsel filed a Motion for "An Attorney's Fee, and That the Treasurer of the United States Be Made a Party to This Action." The motion was denied without hearing and from its denial counsel takes this appeal.

Appellant's argument is threefold: (1) The denial of attorney's fees by the lower court violated counsel's Fifth Amendment rights in that his "private property was taken for public use, without just compensation." (2) The lower court abused its discretion by failing to award attorney's fees pursuant to 18 U.S.C. § 3006A (1970). (3) The lower court abused its discretion in not awarding attorney's fees within its "inherent power."

## I. FIFTH AMENDMENT

Appellant asserts that irrespective of any statutory provisions for the payment of attorney's fees, such payment is constitutionally mandated by the Fifth Amendment which states that private property shall not be taken for public use without just compensation. For this proposition appellant cites Allison v. Wilson, 277 F.Supp. 271 (N.D.Cal.1967), in

* Senior District Judge for the District of Nebraska sitting by designation.

which the court, in dictum, stated: "Appointment of counsel to an indigent incarcerated plaintiff in a civil action implicitly authorizes the commitment of federal funds to underwrite necessary expenditures." *Id.* at 275. The case is not strictly applicable here since it dealt not only with fees but also with other expenditures in the course of a civil action. In any event, we find it unpersuasive with regard to appellant's Fifth Amendment claim. An analysis of the historical background of our legal profession indicates that it has long been considered an obligation of counsel to represent indigents upon court order. *See* W. Beaney, Right to Counsel in American Courts (1955). Along with this historic obligation appears the rule that compensation for services is available only when provided by statute.[1] An overwhelming number of state courts have denied claims for nonstatutory just compensation.[2]

■ If it is true, then, that there was no common law right to compensation

and that representation of indigents upon court order has been a traditional obligation of the lawyer which he assumes when he becomes a member of the bar, it follows that there has been no "taking" as that term is used in the Fifth Amendment.[3] As the Court in United States v. Dillon, 346 F.2d 633, 635 (9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966), noted:

"An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a 'taking of his services.' "[4]

1. As the government points out, only three states have held that there is a non-statutory right to just compensation. Knox County Council v. State ex rel. McCormick, 217 Ind. 493, 29 N.E.2d 405 (1940); Hall v. Washington County, 2 Iowa (G. Greene) 473 (1850); County of Dane v. Smith, 13 Wis. 585 (1861). In both Iowa and Wisconsin it was subsequently held that appointed counsel would be compensated only on the basis of statutory fee schedules. Samuels v. County of Dubuque, 13 Iowa 536 (1862); Green Lake County v. Waupaca County, 113 Wis. 425, 89 N.W. 549 (1902).

2. Posey & Tompkins v. Mobile County, 50 Ala. 6 (1873); Arkansas County v. Freeman & Johnson, 31 Ark. 266 (1876); Lamont v. Solano County, 49 Cal. 158 (1874); Elam v. Johnson, 48 Ga. 348 (1873); Vise v. County of Hamilton, 19 Ill. 78 (1857); Case v. Board of Com'rs, 4 Kan. 511 (1868); State v. Simmons, 43 La.Ann. 991, 10 So. 382 (1891); Bacon v. County of Wayne, 1 Mich. 461 (1850); Dismukes v. Board of Supervisors, 58 Miss. 612 (1881); Johnston v. Lewis & Clarke County, 2 Mont. 159 (1874); Kelley v. Andrew County, 43 Mo. 338 (1869); People ex rel. Whedon v. Board

of Supervisors, 192 App.Div. 705, 183 N.Y.S. 438 (1920); Washoe County v. Humboldt County, 14 Nev. 123 (1879); Wayne County v. Waller, 90 Pa. 99 (1879); Ruckenbrod v. Mullins, 102 Utah 548, 133 P.2d 325 (1943); Presby v. Klickitat County, 5 Wash. 329, 31 P. 876 (1892).

3. Since it is unnecessary to the holding we do not decide whether the attorney's services are "property."

4. The Court in *Dillon* correctly points out that the problem of compensation is a legislative matter. Prior to the enactment of compensation statutes the obligation of representation existed without the correlative right to receive attorneys fees. Dolan v. United States, 351 F.2d 671 (5th Cir. 1965). Compensation statutes in general, and the federal statute in particular [18 U.S.C. § 3006A (1970)], alleviate the burden on the profession only partially, for they provide limited compensation and apply only in certain enumerated actions. Therefore, we perceive no justification for distinguishing representation in criminal matters from representation in civil matters in regard to the question of nonstatutory just compensation rights.

## II. 18 U.S.C. § 3006A (1970)

The relevant section of 18 U.S.C. § 3006A (1970) reads:

"Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation . . . (4) for whom the Sixth Amendment to the Constitution requires the appointment of counsel or for whom, in a case in which he faces loss of liberty, any Federal law requires the appointment of counsel."

■■■ The appellant's argument that his representation in the instant case falls within the ambit of this statute fails for three reasons. First, the statute speaks of the possible future loss of liberty. The statute under which the indigent plaintiff brought his action below, 42 U.S.C. § 1983 (1970), is designed to provide a means of redress for past violations of civil rights. Therefore, the action below simply does not come within the statutory language. Second, it is obvious from the language of the statute and from relevant legislative history that the statute was intended to provide legal assistance to indigent defendants in criminal cases. Ray v. United States, 367 F.2d 258 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967). The 1970 amendments to the statute allow compensation to an attorney for representation in connection with a post-trial motion made after the entry of judgment, and for compensation of attorneys for representation of persons seeking relief under Sections 2241, 2254 and 2255 of Title 28, United States Code, or Section 4245 of Title 18, United States Code. Prior to these 1970 amendments compensation in such instances was not available. *Cf.* Dragon v. United States, 414 F.2d 228 (5th Cir. 1969). The amendments do not provide for compensation in actions under the civil rights statutes. The only conclusion that can be drawn is that representation in such an action is not compensable. Third, the purpose of the statute is to protect indigent defendants and not to provide compensation in whole or in part for appointed counsel. *Cf.* United States v. Harper, 311 F.Supp. 1072 (D.D.C.1970); United States v. James, 301 F.Supp. 107 (W.D.Tex.1969). The interpretation of the statute reached here is thus more in keeping with this purpose.

## III. INHERENT POWER

■■ Appellant asserts that federal courts have inherent powers to do that which is necessary to the administration of justice, including the awarding of attorneys fees, and that it was an abuse of the lower court's discretion in the instant case not to exercise its inherent power in granting an award of fees. Such an argument is insufficient to sustain reversal here. An analogy to the power of courts to appoint and compensate medical experts, special masters or commissions misses the mark because attorneys, unlike these other groups, have a special relationship to the administration of justice; they are officers of the court and thereby have a duty to serve when called upon to do so. Powell v. Alabama, 287 U.S. 45, 73, 53 S.Ct. 55, 77 L.Ed. 158 (1932). There is no reading of the statutes relating to representation of the poor [5] which would support payment of attorneys fees in the instant case. This court, through the use of such a nebulous concept as inherent powers, will not attempt to circumvent the carefully defined limits for the payment of attorneys fees, which the Congress of the United States, after many hearings and resulting study, has enacted.

The denial of Mr. Beilenson's motion is affirmed.

5. 18 U.S.C. § 3006A (1970); 28 U.S.C. § 1915 (1970).