## Dolphin *v.* Olyphant Borough, Appellant.

*Public officers—Secretary of borough council—Compensation—Scope of duties.*

Where a secretary of a borough council receiving a salary of $125 per year is required by resolution of the council to marshal the borough accounts, and to ascertain the financial condition of the borough, he is entitled to special compensation for such work inasmuch as it is not within the scope of his duties as secretary.

Argued March 9, 1910. Appeal, No. 23, March T., 1910, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1900, No. 1,603, overruling exceptions to referee's report in case of Joseph A. Dolphin v. Olyphant Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of R. L. Levy, Esq., referee.

The referee's findings of fact and conclusions of law were as follows:

1. On May 10, 1898, the plaintiff was by occupation a book-keeper, and was employed as secretary for the town council for the borough of Olyphant, county of Lackawanna, at a yearly salary of $125.

2. On May 10, 1898, at a meeting held by the town council of the borough of Olyphant, the following motion was passed:

"On motion the secretary was appointed to marshal the accounts of the borough to ascertain the exact financial standing of the borough, that the court may make suitable provision for the same, and also to advertise in one of its home papers the time when he will meet all claimants at the council room by virtue of his appointment."

3. At the time this motion was passed the borough of Olyphant had a large floating indebtedness on outstanding orders and unpaid bills; said indebtedness being in the neighborhood of $14,000.

4. In pursuance of his appointment by the town council of

the borough of Olyphant, the plaintiff advertised in one of the home newspapers and sat for ten days in the council room of said borough and received claims against the said borough. The plaintiff subsequently investigated these various claims and was occupied partially during the year 1898, and down to March 27, 1899, in ascertaining the exact financial standing of the borough.

5. The plaintiff as a result of the work performed by him ascertained the financial standing of the borough, all of which was embodied in a report which was submitted by him to the town council of the borough of Olyphant on March 27, 1899.

6. The plaintiff rendered a bill to the town council of the borough of Olyphant for $300 for services performed by him; this bill being rendered on or about April 1, 1899, and the services performed by the plaintiff were reasonably worth the sum of $300.

### CONCLUSIONS OF LAW.

The referee finds the following conclusions of law:

1. The services referred to in the motion of the town council of the borough of Olyphant on May 10, 1898, were not such services as were incidental to the duties of the plaintiff in his capacity as secretary of the town council.

2. The motion of May 10, 1898, as shown by the evidence and the minute book of Olyphant borough, the acceptance of the plaintiff thereunder and his services rendered in pursuance thereof constituted a contract binding the said borough of Olyphant to pay to the plaintiff a reasonable remuneration for such services.

On exceptions, EDWARD, P. J., filed the following opinion:

Plaintiff was secretary of the town council of the borough of Olyphant at a yearly salary of $125. His duties as secretary are defined by law. These duties are specific and are fully set forth in the legislative provisions quoted by the referee in his report.

On May 10, 1898, while the plaintiff occupied the office of secretary, the town council of the borough passed the following motion or resolution:

"On motion the secretary was appointed to marshal the accounts of the borough to ascertain the exact financial standing of the borough, that the court may make suitable provision for the same, and also to advertise in one of its home papers the time when he will meet all claimants at the council room by virtue of his appointment."

The referee finds that at the time this motion was passed the borough had a large floating indebtedness on outstanding orders and unpaid bills amounting to about $14,000, and that the plaintiff was occupied in the investigation of these claims and in ascertaining the financial standing of the borough, during a part of 1898 and down to March 27, 1899. The plaintiff embodied the results of a somewhat extensive inquiry in his report to the council. The referee also finds that the sum of $300 was a reasonable compensation for the work done by the plaintiff.

The learned referee concludes that the services performed by the plaintiff were entirely outside of his duties as secretary. He is correct in this conclusion. It therefore follows, that the authorities cited by defendant's counsel and which are considered and discussed by the referee do not apply to the facts of the present case.

We overrule the exceptions and direct that judgment be entered in accordance with the recommendation of the referee.

*Errors assigned* were in overruling exceptions to referee's report.

*P. L. Walsh,* borough solicitor, for appellant.—When a public officer claims a salary, fees, or compensation for services rendered to the public, he must show an act of assembly giving it. If he cannot show such act, he cannot recover: Rothrock v. School Dist., 133 Pa. 487; Hays v. Oil City, 11 Atl. Repr. (Pa.) 63; Albright v. Bedford County, 106 Pa. 582; Wayne County v. Waller, 90 Pa. 99; Lancaster v. Fulton, 128 Pa. 48; City v. Waterman, 86 Iowa, 688 (53 N. W. Repr. 289).

*W. L. Houck,* of *Houck & Benjamin,* for appellee.

PER CURIAM, April 18, 1910:

The judgment is affirmed upon the findings of fact and conclusions of law of the referee and the opinion of the learned president judge of the common pleas overruling the exceptions thereto.