## North Union Township Auditors' Report

L. E. Enterline, for exceptant; B. V. O'Hare, contra.

HOUCK, J., April 25, 1932.—S. A. Klinger, a supervisor of North Union Township and secretary-treasurer of the board of supervisors, was surcharged in the auditors' report, from which he has appealed, in the sum of $827.24. All of the items of surcharge except one have been settled, and Klinger acknowledged his indebtedness for some of the items. The disputed item, which is the one before us, totals $115 and covers the following amounts paid to Klinger for writing the tax duplicates for the respective years: 1923, $25; 1924, $20; 1925,

$20; 1926, $25, and 1927, $25. The sole basis for this surcharge is that Klinger unlawfully received these payments because he was a supervisor when the work was done and the payments made.

The auditors' contention is that supervisors may not vote themselves salaries for services rendered, and may not receive compensation for services in the absence of a statute authorizing the payment. In support of this contention the appellees cite a number of cases, all of which arose under acts which provided no compensation of any nature for supervisors: South Manheim Township v. Brensinger et al., 8 Schuyl. L. Rec. 332; Gerhard's Appeal, 3 Lehigh Co. L. J. 20; Weitknecht's Appeal, 3 Lehigh Co. L. J. 159; Supervisors of Townships of the Second Class, 15 Dist. R. 641. The present case, however, is governed by The General Township Act of July 14, 1917, P. L. 840, and the cited cases are not applicable.

Section 231 of the Act of 1917 permits the supervisors to elect one of their number secretary or treasurer. Sections 286 and 310 provide for the compensation of the treasurer and secretary, limiting the combined salaries to two per centum of the money paid out by the treasurer; see, also, Act of June 28, 1923, P. L. 887. (It is not contended here that the compensation of the secretary-treasurer exceeded the legal limit.)   Section 234 of the Act of 1917 permits supervisors to work on the roads themselves, and section 235 provides compensation for the supervisors for attending meetings and for working on the roads. The sections of the Act of 1917 to which reference has just been made show conclusively that supervisors may be paid out of the township funds for services rendered, and that a supervisor may serve as secretary-treasurer and receive compensation therefor. It is no longer the law that the office of supervisor is an honorary one with no emoluments attached.

Coming down to the crux of the case, section 310 of the Act of 1917 defines the duties of the secretary. He shall keep a record of the proceedings of the board, and section 423 requires the supervisors to make or cause a duplicate to be made designating the amount of taxes levied against each taxpayer of the township. For this service no specific compensation is designated. In view of the general tenor of the act, we are unable to conclude that it is unlawful or improper for the supervisors to employ the secretary, who is also a supervisor, to write the tax duplicate. It seems to us that he is the logical person to designate to do the work, and for doing it he is entitled to reasonable compensation.

Although the statute does not expressly provide for the payment of compensation for services rendered, it may do so by necessary implication. The rule has been thus stated:

"It is necessary to call attention to the trend of judicial thought, as expressed by the rule that our courts have adopted requiring statutory authority, either in express terms or by necessary implication, for all claims upon the public treasury (Wayne Co. v. Waller, 90 Pa. 99). . . . Statutory authority exists by necessary implication where duties are enjoined that can be performed only by money payment: Hoak v. Lancaster Co., 29 Pa. Superior Ct. 585, 587:" Klauder v. Cox et al., 295 Pa. 323, 327.

Payment for writing the tax duplicate is necessarily implied in the Act of 1917. The supervisors shall "cause a duplicate to be made" and, of course, it is inconceivable that this work is to be done without a money payment. We have already shown that the writing of the duplicate is not one of the ordinary duties of the secretary, hence he is entitled to additional compensation for this work: Dolphin v. Olyphant Borough, 42 Pa. Superior Ct. 528. It should be noted in passing that no attack is made on the payments here in question on the ground that they are unreasonable or that they were fraudulently made.

Since there is nothing illegal in the employment of the secretary to write the duplicate, and since the statute necessarily implies compensation for the work, the only grounds advanced in support of the surcharge fail. However, since some of the items of surcharge were meritorious, and appellant has acknowledged their propriety, we shall require him to pay the costs of this appeal.

And now, April 25, 1932, appellant's exception to the surcharge of $115 is sustained, and the surcharge is set aside. Appellant to pay the costs.

From M. M. Burke, Shenandoah, Pa.