## McGinley *v.* Hendershot, Appellant.

*Public officers—County employees—Compensation—Salary board—Act of April 4, 1907, P. L. 58.*

The salary of a county employee, which has been fixed by the County Salary Board, created by the Act of April 4, 1907, P. L. 58, is not affected or stopped by a mere change in the personnel of the board. Such salary continues until it is changed by the formal action of the board itself.

Argued Oct. 3. 1916.   Appeal, No. 21, March T., 1917, by defendant, from order of C. P. Luzerne Co., June T., 1916, No. 377, awarding mandamus in case of Jeremiah A. McGinley v. Fuller R. Hendershot, County Controller. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREX-LER, KEPHART and WILLIAMS, JJ.   Affirmed.

Petition for mandamus.   Before WOODWARD, J.
The opinion of the Superior Court states the case.

*Error assigned* was the order awarding mandamus.

*Granville J. Clark,* for appellant, cited:  Koontz v. Franklin County, 76 Pa. 154;  Wayne County v. Waller, 90 Pa. 99.

*Wm. S. McLean,* with him *R. B. Sheridan* and *Wm. S. McLean, Jr.,* for appellee.

OPINION BY KEPHART, J., December 18, 1916:

This appeal is from an order directing a mandamus to issue to compel the payment of salary due to the appellee as a building superintendent of the court house at Wilkes-Barre.   For the successful prosecution of the appellee's case in the court below, it must appear that his claim is founded on express statutory authority, or arising from a statute by necessary implication:  Wayne County v. Waller, 90 Pa. 99.   It is the duty of county commissioners to keep court houses in suitable condition, and it is within their power to select the persons to do this work:  Act of April 15, 1834, P. L. 539;  Act of June 24, 1895, P. L. 236.   The compensation of the employees of Luzerne County is regulated by the Act of April 4, 1907, P. L. 58.   It provides for a board, consisting of the county controller and the county commissioners, whose duty it shall be to fix and determine the number and compensation of the employees of all county

offices.   Provision is made for the time of meeting, and the work to be done.   This salary board met January 31, 1912, and fixed the number and compensation of the various employees for this county, among others the office of building superintendent.   No other meeting of this board has been held since that time.   On the 1st day of January, 1916, the personnel of the county commissioners' office changed, and the county controller refused to pay the building superintendent's salary for February and March, for the reason that the change in the personnel of the salary board ipso facto abrogated all actions by prior boards, fixing the number and compensation of employees.   He held that all such offices ceased to exist until reestablished by the new board inducted into office the first Monday of January, 1916.   The controller's position on this question was not sustained by the court below, hence his appeal to this court.

The so-called Salary Board Act of 1907, in Section 1, provides, inter alia: "That the county controller and the county commissioners be and they are hereby constituted a board......whose duty it shall be to fix and determine, in the manner herein provided......."   Section 2 of the same act directs "That the said board shall meet from time to time when required by any county officer...... the number and compensation of whose employees is sought to be fixed and determined."   These are the only provisions in the act specifying when and how the board shall exercise the powers therein conferred.   There is nothing in the act which requires the board to meet when its membership changes.   In fact, the direction to meet when called by any county officer, is persuasive of a legislative intention that the board was only to meet when necessary changes were to be made.   While the personnel of the board may change, the board as such is a continuing body, and its orders and directions continue in effect until changed by the board.   Positions created by the board do not continue indefinitely.   Future boards are

not bound by the actions of their predecessors, but they may be changed as circumstances require.

The assignment of error is overruled and the judgment of the court below is affirmed at the cost of the appellant.