## Whalen v. Schuylkill County

M. A. Kilker, for plaintiff; C. E. Berger, for defendant.

Koch, P. J., May 4, 1931.—This suit is brought by the plaintiff to recover salary as a clerk in the prothonotary's office.

From the pleadings and the evidence I find the following

### Facts

1. The plaintiff is a resident of West Mahanoy Township in this county.

2. The defendant is a municipal corporation in the Commonwealth of Pennsylvania.

3. At a meeting of the salary board in said county, held January 21, 1930, the prothonotary being present, the salary of Mary Whalen, the plaintiff, a clerk in the prothonotary's office, was fixed at $4.50 per day, and the salary of Ellen Post, another clerk, was also fixed at $4.50 per day. This was done

on a motion made, seconded and carried, that the salaries in said office "remain the same as last year," the salaries of said Mary Whalen and Ellen Post having been at the rate of $4.50 per day in 1929.

4. But the salary board met again on June 10, 1930, and the prothonotary presented a court order to have the judgment indices in his office rewritten. He then moved that three extra clerks be employed to do the indexing at a salary of $160 per month, and that the two clerks then in the office be paid $160 per month instead of $4.50 per day, the same to take effect July 1, 1930.

5. The only clerks in the prothonotary's office whose salaries were increased from $4.50 per day to $160 per month were said Mary Whalen and Ellen Post.

6. Ellen Post began her clerkship in the prothonotary's office January 5, 1928, but Mary Whalen did not begin until some time in 1929.

7. The salary of the plaintiff was fixed each year by the salary board "as required by law," according to the evidence of the prothonotary.

8. The hours of the plaintiff's work are from 9 to 12 and 1 to 4. The hours have always been the same and the nature of the work has been the same throughout.

9. But the reason for increasing the pay of Mary Whalen and Ellen Post is that the county commissioners had increased their clerical force and paid the new clerks $160 per month. So the prothonotary concluded that his extra clerks and Mary Whalen and Ellen Post should be paid a similar amount.

10. The plaintiff discharged her duties diligently and satisfactorily.

11. The plaintiff claims $160, with interest from August 1, 1930; $160, with interest from September 1, 1930; $160, with interest from October 1, 1930, and made demand for payment of the same before bringing this suit.

12. But if the plaintiff is entitled to only $4.50 per day there would be $117 due to her as of August 1, 1930; $117 due to her as of September 1, 1930, and $112.50 due to her as of October 1, 1930.

13. It is agreed that the case of Ellen Post against the same defendant for a like amount, pending in this court to No. 467, November Term, 1930, shall be controlled by the decision in this case.

### Discussion

The salary board exists by virtue of the Act of March 31, 1876, P. L. 13, the act being entitled "An act to carry into effect section 5 of article XIV of the Constitution, relative to the salaries of county officers and the payment of fees received by them into the state or county treasury, in counties containing over one hundred and fifty thousand inhabitants." Section 7 of the act makes the county commissioners and county controller the salary board, "whose duty it shall be to meet together, from time to time, as they may be required by any of the officers whose salaries are established by this act, for the purpose of ascertaining and determining the number of deputies or clerks required for the proper dispatch of business by each of such officers, and for fixing the salary of each of said clerks and deputies; whenever said board is assembled to consider the case of any one of said officers, the officer holding it shall sit as a member of the board so long as the case of such officer is under consideration and no longer, and a decision of a majority shall govern; but if, after such decision is made, any officer shall think that the number of his clerks or deputies is too few or the compensation fixed for either is too small as the same may have been determined by the board, he may appeal from the action thereof to the judge or judges of the court of common pleas of the county in which he is an officer, who shall hear and determine such appeal as promptly as possible, and their decision thereon shall be final; each

of said boards shall keep a correct minute book of its proceeding in all cases heard and determined by it."

The minutes of the salary board for their meeting on January 21, 1930, showing that it was moved, seconded and carried "that the salaries of the employees in the prothonotary's office remain the same as last year," and that the salary of Mary Whalen, a clerk, was $4.50 per day, could the salary board at a meeting on June 10, 1930, legally change Mary Whalen's per diem pay of $4.50 to a salary of $160 per month? In other words, did her rate of pay become fixed for the entire year, or could the salary board increase or diminish it at any time after January 21, 1930?

The question raised in this case is not answered by section 13 in article III of the Constitution, which says: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment." The plaintiff is no public officer; she is merely a clerk. There is no evidence that she took any oath of office, that she had any discretionary or other power, that she handles any public moneys, that she has any public responsibilities resting upon her, or any public duties to perform. She is accountable only to the prothonotary, who is responsible for all that she does, and she owes a duty only to him, who appointed her as a mere clerk: See Com. v. Murphey, 25 Pa. C. C. 637; Ridd'e v. Bedford County, 7 S. & R. 386; Com. v. Evans, 74 Pa. 124; Com. v. McCarter, 98 Pa. 607.

The plaintiff is in no sense a deputy who, in general, has the power of his principal: Com. v. Greason, 5 S. & R. 333. She has not been appointed for a definite time and is subject to removal if the prothonotary wishes to remove her. Her tenure of office and compensation depend upon the prothonotary and the salary board, who may change both as circumstances may require.

The plaintiff is not a county officer and, as she is not, her services may be continued or discontinued and her compensation may be fixed or become variable, from time to time, because it is the duty of the salary board "to meet together, from time to time, as they may be required by any of the officers whose salaries are established . . . for the purpose of ascertaining and determining the number of deputies or clerks required for the proper dispatch of business by each of such officers, and for fixing the salary of each of said clerks and deputies:" Act of March 31, 1876, P. L. 13, 15, Sec. 7.

In the case of McGinley v. Hendershot, 65 Pa. Superior Ct. 145, 147, the provisions of the Act of April 4, 1907, P. L. 58, which are very similar to those of the Act of March 31, 1876; P. L. 13, which we are here considering, the court said: "Positions created by the board do not continue indefinitely. Future boards are not bound by the actions of their predecessors, but they may be changed as circumstances require." If a future board may so act, why may not an existing board do the same thing?

It seems clear to us that the board had the power to change the plaintiff's compensation. Its reasons or motives for so doing are not before us for comment. Whether or not the purpose of changing the plaintiff's compensation from $4.50 per day to $160 per month is praiseworthy calls for no opinion of the court.

### Conclusion of law

Under the facts as found the plaintiff may legally claim pay at the rate of $160 per month for the months sued for by her.

### Decision.

And now, May 4, 1931, it is decided that there is due to the plaintiff the sum of $499.20, and the prothonotary is directed to give notice of this decision

264

forthwith to the parties or their attorneys, and, if no exceptions thereto are filed in the prothonotary's office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary for the sum stated in the plaintiff's favor.

From M. M. Burke, Shenandoah, Pa.