### 10465.   WEATHERBY et al. v. PITTMAN et al.

1. "Considerations are distinguished into good and valuable. A good consideration is such as is founded on natural duty and affection, or on a strong moral obligation. A valuable consideration is founded on money, or something convertible to money, or having a value in money, except marriage, which is a valuable consideration." Civil Code, § 4243.

(a) Thus, a note given for professional services is not nudum pactum merely because the payees named therein, who were attorneys at law, were bound (having been appointed by the court) to defend without compensation the makers' brother in a criminal prosecution for murder; and this is true notwithstanding such appointment was unknown to the makers at the time they executed the note. The trial judge therefore did not err in striking the plea by which it was sought to set up this defense.

2. Where one signs the name of another on the back of a promissory note which as to the principal debtors is a sealed instrument, but which is not such an instrument as to the surety whose name is signed thereon, because his signature is not under seal, it is not necessary that the *authority* to sign the note be under seal. Neither is it necessary that the authority to sign the note be in writing; and a subsequent ratification of the same, such as is testified to by one of the plaintiffs in this case, is sufficient to bind the surety.

3. There was evidence to authorize the judgment of the trial judge (who tried the case without a jury), finding in favor of the plaintiffs and against all three defendants.

DECIDED NOVEMBER 19, 1919.

Complaint; from city court of Floyd county—Judge Nunnally. March 15, 1919.

*Harris & Harris,* for plaintiffs in error.

*L. H. Covington,* contra.

SMITH, J. Messrs. Townsend and Pittman brought suit on a note against Will Weatherby, W. A. Weatherby, and John Weatherby. The two defendants first named filed a plea setting up that the note sued upon, which was given for professional services to be rendered by the payees, was a nudum pactum, since the plaintiffs, who were attorneys, had been appointed by the court to defend their brother in a criminal prosecution for murder, and had they known of such appointment they would not have executed the note, as the plaintiffs were already under obligation to serve without compensation. The court, upon oral motion, struck this plea; and to this ruling the defendants excepted. The defendant John Weatherby, whose name was signed on the back of the note, filed a plea of non est factum, in which he set up that his name was so signed without his written authority, and

that written authority was essential, since the note was a sealed instrument. The case went to trial on the issue raised by this plea, and the judge, who was sitting without the intervention of a jury, after hearing the evidence submitted by both sides, rendered judgment in favor of the plaintiffs; and to this judgment the defendants excepted.

The note sued upon was introduced in evidence. It was under seal and signed by W. A. Weatherby and Will Weatherby, and indorsed on the back by John Weatherby. C. C. Pittman testified that he was one of the plaintiffs and one of the payees in this note; that the note was given to him and Townsend, the other payee, for defending John Weatherby on the charge of murder; that Will Weatherby signed the note, and also signed W. A. Weatherby's name thereto, in the presence of and at the request of the latter; that John Weatherby was not present when the note was signed, but that his name was signed on the back thereof by Will Weatherby; that "after the note was signed he saw John Weatherby and told him about the note, and that Will had signed his name on the back of it, and he [the defendant] said that was all right;" that at the time the note was executed John Weatherby was in jail and had not been tried. John Weatherby, being duly sworn, testified that he neither signed the note in question nor authorized any one else to sign it for him, and that he never ratified the signing of his name on the back of the note; that he was not present when the note was signed, and never knew his name was signed on the back thereof until after it became due and payment was demanded.

The record presents only two questions for adjudication: First, did the court err in striking the plea of W. A. and Will Weatherby; and second, did the court err in holding that John Weatherby was bound on the note, which was a sealed instrument, although his name was signed on the back of the same without his written authority, in view of his oral ratification thereof.

We will proceed briefly to discuss these questions in their order. While there is no statute law in this State expressly requiring an attorney to defend a person charged with crime, yet the Civil Code (1910), § 6361, declares that all persons accused of crime shall have the privilege and benefit of counsel. An attorney at law in this State is a sworn officer with all the legal duties and

privileges attached to his office. One of such duties is to never reject, when appointed by the court, the case of the defenseless or the oppressed. This duty is one that has been recognized for many years, having come down to us from the common law; and it may be said to the credit of the bar of this State that it has been so jealously guarded by lawyers generally that to-day they no longer look upon it as a duty, but as a special privilege, always pointed to with professional pride. When, therefore, the presiding judge of a court calls upon counsel to defend a person accused of crime and destitute of means, it is his duty to do so to the best of his ability. If he fails under these circumstances he does a grave injustice not only to humanity, but also to his profession. In such cases counsel must look alone to the possible future ability and willingness of the accused to remunerate him for his efforts where, as in our State, no provision for compensation is made by statute. In some instances, no doubt, it is a hardship upon an attorney to be obliged to defend poor persons without compensation, but when called upon it is a duty which he owes to his profession, to the court engaged in the trial, and to the cause of humanity and justice, not to withhold his assistance, nor spare his best exertions, in the defense of one who has the double misfortune to be stricken by proverty and accused of crime. It may not be amiss to state that from my observation as a trial judge and from what I know of the members of the bar of this State, I am satisfied that no proverty stricken person accused of crime will ever suffer for want of professional aid, whether he be black or white.

While, therefore, it was the duty of the attorneys in the present case, who were appointed by the court, to defend without compensation or even the hope thereof the makers of the note sued on, *if he was by reason of poverty or other cause defenseless,* this duty did not in any way render nudum pactum their contract for attorneys' fees, entered into with them after such appointment by the court, since the contract was founded on a moral obligation at least, *and the accused was not altogether defenseless, for two of his brothers actually employed counsel to defend him.* In other words, although it was the duty of the attorneys in this case to render professional aid without compensation, this duty did not relieve the defendants from the moral obligation to pay for the service actually rendered, since the honesty and rectitude of the

thing, taken in connection with the written promise to pay, form a sufficient consideration to make the obligation enforceable at law. As familiar illustrations of this principle and its application, attention is directed to cases of promises to pay debts barred by the statute of limitations, and those to revive debts discharged by the operation of bankrupt or insolvent laws. To hold otherwise would be a travesty not only upon the rights of the attorneys in this case, but upon the honorable profession which they represent,—for to the attorney his profession is his livelihood. There was, therefore, no error in striking the plea which sought to set up this defense.

Coming now to the next question, we affirm the ruling of the lower court in holding that the defendant John Weatheby was not relieved of liability on the note, which was a sealed instrument, merely because there was no written authority under seal to sign his name on the back thereof, or any written ratification of such signing. Although the legal service of the plaintiffs benefited the defendant John Weatherby and helped to clear him of the charge of murder, he was not a principal maker on the note in question, nor was his signature necessary to the transfer of the note. He was a surety only. He did not even know, according to the testimony of one witness, that his name had been signed on the back of the note until he was notified of this fact by one of the plaintiffs; and therefore he was not bound thereon until he ratified such signing. There was ample evidence that this defendant did orally ratify the same. In *Ridley* v. *Hightower,* 112 *Ga.* 476 (37 S. E. 733), the Supreme Court held: "One who wrote his name upon the back of a promissory note merely for the purpose of guarantying its payment, but whose indorsement, because of his not being a party to the paper, was neither essential nor proper to a due transmission of the title thereto, was a surety only, and not liable on the paper as an indorser. The liability of such a surety, though upon a promissory note which is as to the principal a sealed instrument, is barred after the lapse of six years from the time the right to sue accrued, unless the surety also contracted under seal; and he did not so contract if there was no seal nor anything intended as a representation thereof after his signature." The signature of John Weatherby on the back of the note not being under seal, he did not so contract, and it was unnecessary that the authority to sign his name thereon be under seal. Neither was it

necessary for this authority to have been in writing, and a subsequent oral ratification, such as testified to by one of the plaintiffs, was sufficient to bind him on the note. "Authority to indorse a promissory note in behalf of another may be orally conveyed. The authority of an agent to indorse a note for his principal is not required to be in writing." *Connor* v. *Hodges,* 7 *Ga. App.* 153 (4-a) (66 S. E. 546). A ratification is equivalent to a prior authority to perform the act; and consequently, if the prior authority might have been either written or unwritten, express or implied, a ratification may be accomplished in any one of these ways. See 1 Elliott on Contracts, 681, § 458.

It is clear from what is said above that the two questions under consideration must be decided adversely to the plaintiffs in error. There was evidence to authorize the judgment of the trial judge, who tried the case without a jury, in finding in favor of the plaintiffs and against all the defendants.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*