STATE OF NEW JERSEY v. ROBERT LORAY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 9, 1965.

*Mr. Arthur R. Schmauder,* assigned counsel, *pro se.*

*Mr. Albert Poll* for County of Essex (*Mr. Nicholas T. Fernicola,* County Counsel, attorney).

CRANE, J. C. C. (temporarily assigned). Defendant was convicted of murder after a trial by jury in 1962. The conviction was affirmed on appeal, *State v. Loray,* 41 *N. J.* 131 (1963), but was set aside by this court on an application for post-conviction relief because of the failure of the Juvenile and Domestic Relations Court to advise defendant of his right

to be represented by assigned counsel if he were indigent. See *State v. Tuddles*, 38 N. J. 565 (1962).

Upon the filing of the petition for post-conviction relief the assignment judge appointed Arthur R. Schmauder, Esq. of the Essex County Bar to represent defendant on his application. Having served notice upon the prosecutor, the county treasurer and the county counsel, Mr. Schmauder now applies for a fee for his services in connection with his representation and for reimbursement of his expenses. According to his affidavit, a total of 165¾ hours was directed to the matter, including several court appearances and two trips to Bordentown to interview defendant.

There is no real dispute as to counsel's expenses. The Supreme Court said in *State v. Horton*, 34 N. J. 518 (1961), that an assigned attorney's reasonable and necessary out-of-pocket disbursements should be reimbursed in cases where the defendant is charged with a crime other than murder as well as in murder cases. It said that "While we are dealing in the instant case with a situation where compensation to the attorney is authorized, we believe that what we have just said as to both major expenses of defense and miscellaneous disbursements of attorneys should have equal application where counsel is assigned to an indigent defendant charged with other than murder." (at *p.* 534) The view expressed was to be considered as prospective only; however, no reason is perceived why it should not be applied to the instant case. Counsel's expenses fall into the category of miscellaneous disbursements for travel and telephone toll charges for which advance approval is not required under the *Horton* opinion. They seem to be reasonable and necessary, having to do with interviewing defendant and his mother; consequently, they will be allowed as requested in the sum of $28.10.

With respect to the request for allowance of a fee, county counsel concedes that the matter is one of practice and procedure governed by the rules of court. See *State v. Donaldson*, 36 N. J. 45, 49 (1961). Thus, if compensation is permitted by the rules of court and the amount to be allowed is

certified by the court, the county treasurer would be required to pay the amount so fixed pursuant to the provisions of *N. J. S.* 2A:163–1.[1]

It is argued on behalf of the county treasurer, however, that *R. R.* 1:12–9(f) does not contemplate the allowance of a fee in post-conviction relief matters, even though the charge upon which the defendant was convicted was murder. The rule provides as follows:

"(f) In cases of murder counsel shall be specially assigned by the Assignment Judge and on appeal in such cases the same counsel shall be assigned by the appellate court, unless otherwise ordered. Counsel so assigned shall be allowed reasonable compensation by the trial court for services rendered in such court and by the appellate court for services rendered on appeal. Before an allowance of counsel fees is made in such cases, notice of the application therefor, which shall state the amount of the counsel fee requested, shall be given to the prosecuting attorney, the county treasurer and the county counsel and the county shall be given an opportunity to be heard thereon."

Specifically, counsel was assigned in this matter pursuant to *R. R.* 3:10A–6 after the filing of a petition for post-conviction relief. Does this fact prevent the award of a fee in accordance with *R. R.* 1:12–9(f)?

It is clear that even though a homicide is involved, unless the grand jury has returned an indictment, the court may not award a fee to counsel assigned to represent the defendant, *State v. Donaldson, supra; State in Interest of Steenback,* 34 *N. J.* 89 (1961). This is predicated upon the concept that unless an indictment has been returned, the matter is not a "case of murder" within the meaning of the *R. R.* 1:12–9(f) and *N. J. S.* 2A:163–1.

In the instant case, however, the specifications of *R. R.* 1:12–9(f) seem to have been met. An indictment has been

---

[1] "Where counsel assigned by the court to represent a defendant in a murder case has been allowed compensation by the court for his services, the sum so fixed shall be paid by the county treasurer of the county where the indictment was found, upon presentation of a certificate of the judge, fixing and allowing such compensation."

returned; hence the matter is a "case of murder" within the meaning of the rule and statute, and counsel has been specially assigned by the assignment judge. True, the services of the attorney applying for fees in the instant application have not been rendered in a trial, but they have been rendered in the trial court and they have been rendered in connection with the charges contained in the indictment. Post-conviction relief proceedings are part of the original criminal cause. *State v. LaFera,* 42 *N. J.* 97, 102 (1964). While precise color-matching to the rule is not possible, it is clear that the sense of the *Donaldson, Steenback* and *Horton* cases, cited above, contemplates the award of a fee in this matter.

Members of the New Jersey Bar render valuable and important service to indigent defendants routinely as one of the burdens of the profession. As a matter of social responsibility it may well be that such a burden ought to be distributed among the members of the public generally in all cases, rather than solely among members of the legal profession. See *State v. Horton, supra,* 34 *N. J.,* at *pp.* 524, 525, 526 and 527. It is not necessary to consider such a matter in this opinion since we are convinced that the existing rules authorize the payment of compensation in this instance. Recognition of the correlative responsibility of the bar must, however, be made in arriving at the *quantum* of the fee, *Ibid.,* at *p.* 532.

Although the stakes are high, representing a defendant on a post-conviction application does not involve the dramatic tension and apprehension of a trial. The allowance of a counsel fee must therefore necessarily be even more modest than that allowed trial counsel in an actual murder trial. While it is not possible to formulate a rigid schedule of fees, the allowance in this case has attempted to follow the admonition in *Horton,* that the amount awarded should be somewhat more than a mere token or *honorarium,* but considerably less than full compensation were the accused able to pay. In view of all the factors, a fee of $1,000 is allowed. It is appropriate to comment that counsel's brief and oral argument were of a

high professional quality; undoubtedly, a much higher fee would have been appropriate with respect to a private client.

Because of the conclusion reached in this opinion, it is not necessary to consider the arguments concerning the alleged denial of due process and equal protection of the law to counsel that a denial of compensation might entail. See *Dillon v. United States,* 230 *F. Supp.* 487 (*D. Ore.* 1964); *Knox County Council v. State,* 217 *Ind.* 493, 29 *N. E.* 2*d* 405, 130 *A. L. R.* 1427 (*Sup. Ct.* 1940); *cf. Ruckenbrod v. Mullins,* 102 *Utah* 548, 133 *P.* 2*d* 325, 144 *A. L. R.* 839 (*Sup. Ct.* 1943).

An order may be submitted in conformity with this opinion and the provisions of *N. J. S.* 2A:163–1.