Barry W. JACKSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 597.

Supreme Court of Alaska.

April 28, 1966.

Barry W. Jackson, Fairbanks, in pro. per.
No appearance for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant is an attorney at law appointed by the court below to represent John Titus John, an indigent prisoner who had been convicted of a felony and sought to have the judgment of conviction vacated and set aside in post-conviction proceedings. Appellant's assignment involved extensive investigation and several court appearances. Appellant filed on behalf of the prisoner a motion to vacate sentence under Criminal Rule 35(b). The motion was granted. However, the prisoner was not released until appellant had later secured a writ of habeas corpus on his behalf.

Shortly after his appointment, appellant was paid by the court the sum of $50 on account for his services. After appellant had completed his representation of the prisoner, he filed a motion for a court order directing that he be paid $1,138.00 for his services. The motion was supported by appellant's affidavit where he alleged that he was an attorney admitted to the bar in Alaska with more than five years experience in the practice of law, that his standard fee for services on an hourly basis was $30 an hour, that pursuant to his appointment by the court to represent the indigent prisoner he had furnished such prisoner with legal services directed toward securing his release by obtaining post-conviction relief, which services were successful, and that he had devoted 39.6 hours of his time on the prisoner's behalf. The motion was denied by the superior court and appellant brought this appeal.

Appellant presents two questions for review: (1) whether an attorney appointed to represent an indigent prisoner in a criminal case has a constitutional right to receive compensation for his services; and (2) whether such an attorney has a right to receive adequate compensation under Administrative Rule 15(b).

Appellant contends that the right to practice law is one of those rights protected by the fourteenth amendment to the federal constitution. He argues that to require a lawyer to represent an indigent without compensation is to deprive the lawyer of a property right without due process of law in contravention of the fourteenth amendment and, in addition, is to take his property for public use without just compensation in violation of the fifth amendment to the federal constitution. Appellant bases these claims primarily on the holdings of the United States Supreme Court in Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), and Konigsberg v. State Bar, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957).

The cases relied upon by appellant do not stand for the proposition urged by him. Those cases established nothing more than that a state cannot exclude a person from the practice of law in a manner or for reasons that contravene the due process and equal protection clauses of the fourteenth amendment. They do not even remotely suggest that one is deprived of his right to practice law without due process, or has such right taken from him without just compensation, when he is required to represent an indigent in a criminal case without compensation. The questions of the nature of a lawyer's office and of the burdens inherent in such office were not considered by the Supreme Court.

When an attorney is admitted to practice law in this state he subscribes to an oath. He solemnly swears that he "will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed." In addition, the attorney swears that he will abide by the Canons of Professional Ethics approved by the American Bar Association. Among those canons is Canon No. 4 which provides:

4. When Counsel for an Indigent Prisoner.

A lawyer assigned as counsel for an indigent prisoner ought not to ask to be

excused for any trivial reason, and should always exert his best efforts in his behalf.

█ The requirement of the attorneys' oath and Canon 4 reflect a tradition deeply rooted in the common law—that an attorney is an officer of the court assisting the court in the administration of justice, and that as such he has an obligation when called upon by the court to render his services for indigents in criminal cases without payment of a fee except as may be provided by statute or rule of court. This principle is so firmly established in the history of the courts and the legal profession that it may be said to be a condition under which lawyers are licensed to practice as officers of the court.[1] As the United States Court of Appeals for the Ninth Circuit stated in the case of United States v. Dillon,[2]

> An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a "taking of his services".

█ We hold that an attorney appointed to represent an indigent prisoner in a criminal matter has no constitutional right to receive compensation for his services. He has a right to compensation only to the extent that a statute or court rule may so provide.

It may be true, as appellant points out, that the obligation of representing indigents with relatively little compensation has become burdensome on the bar since recent decisions of the United States Supreme Court holding that under the fourteenth amendment an indigent defendant in a criminal case, both at the trial and appellate stages, is entitled to the assistance of counsel,[3] and since our recent decision in Hoffman v. State,[4] where we held that an indigent has the right to court-appointed counsel at a probation revocation proceeding.

█ The problem of providing some means of adequately compensating counsel in representing indigents, in the light of this developing law of the right of indigents to counsel, is a matter fundamentally for legislative and not judicial treatment.[5] This court has provided by rule that court-appointed counsel shall receive certain minimal fees for their services.[6] But the problem of securing funds to pay the amount now permitted by court rule, or to pay larger sums than those presently permitted, is entirely a matter for decision by the legislature.

1. United States v. Dillon, 346 F.2d 633, 635 (9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966); Rowe v. Yuba County, 17 Cal. 61, 63 (Cal. 1860); Weatherby v. Pittman, 24 Ga.App. 452, 101 S.E. 131, 132 (1919); State ex rel. Gentry v. Becker, 351 Mo. 769, 174 S.W.2d 181, 184 (1943); Ruckenbrod v. Mullins, 102 Utah 548, 133 P.2d 325, 144 A.L.R. 839 (1943).
Drinker, Legal Ethics 62 (1953) comments as follows:
> From the earliest times it has been the practice, when persons accused of crime are indigent, for the court to appoint counsel to defend them. Lawyers have always regarded the acceptance and performance of such service as one of the obligations incident to their professional status and privileges.

2. 346 F.2d 633, 635 (9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966).

3. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Annot., 9 L.Ed.2d 1260 (1963); See Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963).

4. Opinion No. 297, 404 P.2d 644, 646 (Alaska 1965).

5. United States v. Dillon, 346 F.2d 633, 636 (9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966).

6. Admin.R. 15.

Administrative Rule 15 provides as follows:

(a) *Criminal.* Attorneys appointed by the court to represent indigent persons shall be paid for this service according to the following schedule:

(1) Representation on plea of guilty and sentencing—$50.00.

(2) Representation on plea of not guilty and trial—$50.00 for each day or fraction thereof spent in court.

(b) *Other.* Attorneys appointed by the court to represent indigent persons in situations other than as provided for in (a) above shall be paid a fee established by the court, commensurate with the time and legal problems involved.

Appellant contends that under subdivision (b) of the foregoing rule he is entitled to reasonable compensation for the services he performed, and that the $50.00 that was paid him was not reasonable.

■ As we have pointed out, the foundation of the assigned counsel system is a time-honored and traditional obligation of the bar to defend the indigent, without compensation, if called upon. However, it has not been the practice in Alaska to require counsel to serve without some compensation, even though the amount that is allowed is not comparable to what counsel would receive from a client able to pay.[7] Prior to statehood the rules of the Territorial District Court allowed the trial judge, in his discretion, after the termination of the trial of a criminal case where an attorney was appointed to defend an indigent, to "make an allowance to such attorney as nominal compensation for his services * * *."[8] Such allowance, unless otherwise ordered by the court, was to be as follows:

(1) in misdemeanor cases, $50.00; (2) in felony cases less than capital, $150.00; (3) in capital cases, $250.00.

■ The practice of remunerating assigned counsel was continued by this court after statehood, as reflected by Administrative Rule 15, although in the latter rule no distinction is made between capital and non capital cases or between felonies and misdemeanors. From a consideration of the rule applicable during Territorial days and that applicable now, it is evident that an attorney called upon to represent an indigent was and is allowed only nominal compensation for his services. In neither instance was it intended that the recompense allowed be full compensation for services rendered.

Under the existing rule there are set, nominal fees allowed an attorney who either represents an indigent upon a plea of guilty or represents him at a trial when he has entered a plea of not guilty. There is no room for the exercise of discretion in these cases. In other cases, however, such as here where there was representation in post-conviction proceedings, the discretion of the trial judge must be exercised. Rule 15(b) does not establish a fixed fee; here the attorney is to be paid a "fee established by the court, commensurate with the time and legal problems involved."

■ When this portion of the rule becomes applicable, the discretion of the trial judge is involved. The intent of the rule is that a fair fee based upon all of the governing circumstances of the case be allowed. Since the Alaska Court System has budget responsibility, one of the factors which must be considered in establishing any discretionary allowance is the amount of money provided by the legislature for the purpose. For this reason discretionary allowances must of necessity be subject to the

---

7. It was mistakenly stated in a note in the California Law Review that Alaska is one of the jurisdictions that expressly disallows compensation of assigned counsel. Attorney and Client—Compensation of Trial Counsel Appointed for Indigent Defendants, 49 Calif.L.Rev. 954, 958 n. 21 (1961).

8. Rule 25(b), Amended Uniform Rules of the District Court for the District of Alaska (1957).

approval of each presiding superior court judge.

 Assuming the availability of funds with which to pay a fee in addition to the $50.00 that appellant had already been paid, we believe that the judge was mistaken in denying the additional fee. The rule requires that counsel *"shall* be paid a fee * * * commensurate with the time and legal problems involved." (Emphasis added.) This does not mean that the fee to be allowed should be equal to that which counsel would justifiably charge for his services had his client been able to pay. This is apparent from the provisions of subdivision (a) of the rule where only $50.00 a day is allowed for each day of trial where counsel is appointed by the court to defend an indigent at his trial. The fee to be allowed for services rendered an indigent other than at a trial should not be more than that allowed for a trial, and probably ought to be somewhat less because generally more time and more effort is required in defending an indigent at his trial than would be expended in post-conviction proceedings such as are involved here.[9]

In his affidavit attached to his motion for allowance of attorney's fees appellant did not elaborate on the services he rendered for the indigent prisoner he was appointed to represent. Appellant concedes that if, following denial of his motion, he had gone back to the trial court with more detailed and explicit proof of services he had performed, that in all likelihood the court would have allowed him additional compensation. In the light of this concession, and of the fact that the trial court is more familiar than we are with the pertinent circumstances of this case, we believe that if appellant's motion is again presented to the trial court with adequate proof of services rendered that, subject to budgetary considerations, the court will allow additional compensation.

The order denying appellant's motion for allowance of attorney's fees is set aside and the case is remanded to the superior court for a determination of attorney's fees to be allowed appellant in accordance with *Administrative Rule 15(b) and the* views expressed in this opinion.

9. State v. Loray, 87 N.J.Super. 119, 208 A.2d 183, 185 (1965).