**Thomas Andrew BIAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. 50491.**

Supreme Court of Oklahoma.

June 14, 1977.

Rehearing Denied Sept. 21, 1977.

W. Creekmore Wallace, II, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Don McCombs, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

BERRY, Justice.

W. Creekmore Wallace, II was appointed to represent Thomas Andrew Bias on a charge of first degree murder in September 1974 pursuant to 22 O.S.1971 § 464. Subsequently, counsel expended a total of 255.5 hours on the case and incurred $440.72 transportation expense, long distance telephone expense of $53.13, in excess of $20.00 for copying expense and $28.00 meal expense. Trial court found, upon counsel's application for attorney fee and reimbursement of expenses, all expenses were reasonable and necessary for an adequate defense and "expenses and much of the time spent was extraordinary and could not have been foreseen and have caused applicant undue hardship." Nonetheless, trial court entered its order, pursuant to 22 O.S.1971 § 1271, awarding an attorney fee of $250. Counsel was not reimbursed for his reasonable and necessary expenses.

On appeal of Bias' case to the Court of Criminal Appeals, counsel requested further consideration of the attorney fee award. Counsel filed an application requesting this issue be transferred to this Court; his application was approved by Court of Criminal Appeals on December 14, 1976, and accepted by this Court January 3, 1977.

The transferred proposition reads:

"An award of $250.00 attorney's fees in the court appointed case wherein counsel expends 255 hours in the representation of his client is an unconstitutional application of 22 O.S. (1971) § 464."

■ Counsel's proposition-in-error will be construed to question constitutionality of the award of $250 attorney fees pursuant to appointment under § 464 and § 1271. Section 464 provides for appointment of counsel before arraignment if it appears defendant is financially unable to employ counsel; counsel so appointed shall represent defendant in the magistrate court until discharged or defendant is bound over for trial and may receive $100.00 for legal services so

tendered. Section 1271 provides for appointment of counsel under similar circumstances in all triable criminal cases; the maximum allowable award for attorney fees is $250.00. Thus, where a lawyer is appointed pursuant to § 464, defendant is bound over for trial and counsel subsequently represents defendant pursuant to § 1271 a total of $350.00 is maximum allowable for attorney fees. See Atty.Gen.Op. 69–359.

■ The question presented here is whether an award of $250 is unconstitutional when a lawyer is required to undertake a difficult assignment, expends 255 hours and incurs extraordinary expense in representing an indigent client. We hold on the particular facts of this case it is.

Neither § 464 nor § 1271 are unconstitutional on their face. Similar statutes have withstood attack on grounds that indigent representation assignments constitute involuntary servitude, deny equal protection of law, take property without due process of law and take private property for public purposes without just compensation. See, e. g. *Tyler v. Lark*, 472 F.2d 1077 [8th Cir.]; *Dolan v. United States*, 351 F.2d 671 [5th Cir.]; *United States v. Dillon*, 346 F.2d 633 [9th Cir.], cert. den. 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469; *Jackson v. State*, 413 P.2d 488 [Alaska]; *Weiner v. Fulton County*, 113 Ga.App. 343, 148 S.E.2d 143; *Warner v. Commonwealth*, 400 S.W.2d 209 [Ky.]; *State v. Clifton*, 247 La. 495, 172 So.2d 657; *State v. Rush*, 46 N.J. 399, 217 A.2d 441; *Ruckenbrod v. Mullins*, 102 Utah 548, 133 P.2d 325; *Presby v. Klickitat County*, 5 Wash. 329, 31 P. 876. See also W. Beaney, Right to Counsel in American Courts [1955]. However, we are guided in our decision by the rationale of *People ex rel. Conn v. Randolph*, 35 Ill.2d 24, 219 N.E.2d 337. There the Illinois Court considered a situation where appointed counsel were required to leave their homes and offices and incur considerable out-of-pocket expenses. The court said:

"... [T]he petitioners have incurred financial burdens and hardships

far in excess of those normally attendant upon the defense of indigent persons. The petitioners have been compelled to forsake their regular law practice during the trial, thereby eliminating their major source of income. At the same time they must pay substantial travel and living expenses as well as the day-to-day costs of litigation, such as stenographic expenses and witness fees. The petitioners are thus suffering a twofold depletion of their resources, both by way of a constant outgo of funds and loss of current income. Petitioners are in such straitened fiscal condition that they are now unable to continue payment of current trial costs; at least one of the petitioners is close to the brink of insolvency. We agree . . . that a great personal hardship and sacrifice has been imposed upon these petitioners in serving as attorneys for these indigent defendants.

\* \* \* \* \* \*

"At this time it is necessary to hold only that in the extraordinary circumstances presented in this case, the court's inherent power to appoint counsel also necessarily includes the power to enter an appropriate order ensuring that counsel do not suffer an intolerable sacrifice and burden and that the indigent defendants' right to counsel is protected.

\* \* \* \* \* \*

"The trial court held in the instant case that the statute providing for a maximum of $500 for fees and costs would be unconstitutional if held applicable to the extraordinary facts and circumstances presented here. The statute is not unconstitutional on its face and the $500 maximum is reasonable and appropriate where an appointed attorney can continue to accommodate his regular practice and business and is not compelled to assume a staggering burden and sacrifice that no reasonable person could expect of any member of the bar. However, the statute cannot constitutionally be applied where it appears, as here, that appointed

counsel cannot continue to serve because they are suffering an extreme, if not ruinous, loss of practice and income and must expend large out-of-pocket sums in the course of trial."

We believe, given appropriate circumstances, a lawyer appointed to represent an indigent client should be reimbursed for his extraordinary out-of-pocket expenses and compensated for extraordinary professional services. In these circumstances there has been a taking of private property for public purposes. *Weiner v. Fulton County, supra.* See *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 [public purpose]. However, where an appointed lawyer is able to maintain his regular practice and is not required to incur extraordinary expense because of appointment, statutory remuneration is constitutionally sufficient. Moreover, trial court can mitigate an extraordinary burden upon appointed counsel by appointing associate counsel, thereby allocating the burden on a difficult case between two or more lawyers. Thus, only under unusual circumstances will a lawyer be burdened to the extent he may claim compensation for extraordinary professional services.

Here trial court found "many of applicant's expenses and much of the time spent was extraordinary and could not have been foreseen and have caused applicant undue hardship." On the instant facts we are not prepared to hold counsel was entitled to compensation for extraordinary professional time; however, he was entitled to reimbursement for extraordinary expenses incurred in representing indigent defendant Bias.

■ Prospectively, in order to obtain a compensation award above the statutory amount a lawyer must prove through clear and convincing evidence that (1) all extraordinary actions were taken in good faith, (2) all extraordinary work performed was necessary, (3) he was unable to maintain his practice,[1] and (4) reasonableness of extraor-

---

1. This standard will vary depending upon the nature of counsel's practice. If he is a sole

practitioner, the expenditure of 255 hours on a murder case clearly is rather burdensome, con-

dinary fee. To obtain an award for expense he must similarly prove he was required to incur extraordinary expense. Furthermore, except in emergencies, all extraordinary professional service and expense must receive prior approval of the trial court.

There being dangers in allowing such awards and considering the duty of the bar, awards of this nature should be sparingly allowed.

Reversed and remanded for further consideration consistent with views expressed herein.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES and SIMMS, JJ., concur.

HODGES, C. J., and DOOLIN, J., concur in part; dissent in part.

sidering a lawyer has an average of 1,200 billable hours per year. However, if appointed counsel has several partners and staff able to maintain the firm's practice, 255 hours may not be a burden at all.