Dear Honorable Miller,
The Attorney General has received your request for an official opinion asking, in effect:
 Is it constitutional for a district court to require attorneys engaged in private practice to accept court appointed criminal cases when not all of the attorneys in the county are required to accept an equal number of such cases?
Title 22 O.S. 464, 22 O.S. 1271 (1981) vest in a district court the power to assign counsel to indigent defendants. Title 22 O.S. 464 (1981) provides in pertinent part, as follows:
 "If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is financially unable to employ counsel, the court must assign counsel to defend him. The attorney so appointed shall represent said person in the examining magistrate court until he is discharged or bound over by said court and shall receive such compensation as is ordered by the court, not to exceed One Hundred Dollars ($100.00) as approved by a judge of the district court." (Emphasis added).
Title 22 O.S. 1271 (1981) provides in pertinent part, as follows:
 "In all criminal cases triable in the State of Oklahoma, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid by the county in which such trial is had, out of the court fund of said county, reasonable and just compensation to the attorney or attorneys so assigned for such services as they may render, such compensation being allowable in any court of record. The attorney shall not be paid a sum to exceed Five Hundred Dollars ($600.00) in any one case, the specific amount to be left at the discretion of the presiding judge."
In Bias v. State, 568 P.2d 1269,1271 (Okla. 1977), the Court described the interplay between 22 O.S. 464, 22 O.S. 1271 (1981) as follows:
 "22 O.S. 464 provides for appointment of counsel before arraignment if it appears defendant is financially unable to employ counsel; counsel so appointed shall represent defendant in the magistrate court until discharged or defendant is bound over for trial. . . .
 "22 O.S. 1271 provides for appointment of counsel under similar circumstances in all triable criminal cases. . . . See Atty. Gen. Op. 69-359."
In Bias v. State, supra, the Court considered the constitutionality of the portion of 22 O.S. 1271 (1971) which at that time limited the compensation for an assigned attorney to Two Hundred and Fifty Dollars ($250.00). (The current statutory ceiling is Five Hundred Dollars ($500.00)). In resolving this question the court first pointed out that "neither 22 O.S. 464 nor 22 O.S. 1271 are unconstitutional on their face. Similar statutes have withstood attack on grounds that indigent representation assignments constitute involuntary servitude, deny equal protection of law, take property without due process of law and take private property for public purposes without just compensation. [Cases cited]." Bias v. State, supra at 22 O.S. 1271. In this regard, the following statement by the court in United States v. Dillon, 346 F.2d 633
(9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469
(1966), is worthy of note:
 "An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a `taking of his services'." 346 F.2d at 635. Quoted with approval in Tyler v. Lark, 472 F.2d 1077,1079 (8th Cir. 1973).
In considering the constitutionality of the statutory two hundred and fifty dollar ($250.00) ceiling as applied to the petitioner in that case, the court in Bias v. State, supra at 22 O.S. 1272, held as follows:
 "We believe, given appropriate circumstances, a lawyer appointed to represent an indigent client should be reimbursed for his ex traordinary out-of-pocket expenses and compensated for extraordinary professional circumstances. . . . However, where an appointed lawyer is able to maintain his regular practice and is not required to incur extraordinary expense because of appointment, statutory remuneration is constitutionally sufficient. . . . Thus, only under unusual circumstances will a lawyer be burdened to the extent he may claim compensation for extraordinary professional services. . . . On the instant facts we are not prepared to hold counsel was entitled to compensation for extraordinary professional time; however, he was entitled to reimbursement for extraordinary expenses incurred in representing indigent defendant Bias."
The federal statute pertaining to court appointment of lawyers for indigent defendants contains a built in provision for the payment to the appointed counsel of a fee in excess of the statutory maximum amounts. Title 18 U.S.C.A. 3006A(d)(3) provides as follows:
 "Payment in excess of any maximum amount provided in paragraph (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered, or the United States magistrate if the representation was furnished exclusively before him, certifies that the amount of excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." (Emphasis added).
Thus, based on the holding of Bias v. State, supra, and the authorities cited therein, we conclude that 22 O.S. 464, 22 O.S. 1271 (1981) are constitutional on their face and that it is constitutional for a district court to require an attorney to represent an indigent defendant and to thereafter compensate him pursuant to the statutory ceilings contained therein unless "extraordinary professional services" are rendered.
 II.
In essence, you ask whether it constitutes an unconstitutional application of 22 O.S. 464, 22 O.S. 1271 (1981) for a district court to require an attorney to represent an indigent defendant if that court is not assigning an equal number of cases to each of the attorneys in that county. The constitutionality of this requirement turns on whether it would be constitutional for a district court to implement 22 O.S. 464, 22O.S. 1271 (1981) in such a manner. In Cook v. City of Price, CarbonCounty, Utah, 566 F.2d 699 (10th Cir. 1977), the Court discussed the point at which unequal application renders an otherwise constitutional statute unconstitutional:
 "For ninety years it has been established that a law fair on its face may be applied so arbitrarily and unfairly as to amount to a violation of constitutional rights [case cited]. However, when the discrimination is not aimed at a `suspect class,' a plaintiff must show intentional or purposeful discrimination [case cited]." 566 F.2d at 701.
As we have already pointed out, the mandatory requirement created by 22O.S. 464, 22 O.S. 1271 (1981) that attorneys serve as public defenders is constitutional on its face. Bias v. State, supra. However, based on the above-quoted test enunciated in Cook v. City of Price, Carbon County,Utah, supra, there may be circumstances in which the selection of attorneys by the district court for this mandatory duty is so arbitrary and purposeful and shown to be so unfair that this requirement could be shown to be unconstitutional as applied. However, the mere fact that all attorneys in a particular county are not required to accept an equal number of court appointed criminal cases is not a per se unconstitutional application of 22 O.S. 464, 22 O.S. 1271 (1981). There may be reasons such as availability and experience which underlie such a disparity. Thus, ultimately, whether there has been an unconstitutional application of these statutes is a question of fact beyond the scope of an Attorney General Opinion.
It is, therefore, the official opinion of the Attorney General that 22O.S. 464, 22 O.S. 1271 (1981), which authorize a court to assign counselfor indigent defendants, are constitutional on their face. Whether it isconstitutional for a district court to require an attorney to acceptcourt appointed criminal cases pursuant to 22 O.S. 464, 22 O.S. 1271(1981) when not all attorneys in the county are required to accept anequal number of such cases depends on whether such assignments are foundto be so arbitrary, unfair and purposeful as to result in a denial ofequal protection and is a question of fact beyond the scope of anAttorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN D. ROTHMAN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, CIVIL DIVISION