Dear Director Maynard,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. May the Department of Corrections be charged more than oneattorney's fee pursuant to 22 O.S. 1271 (1981) et seq., asamended, when there are multiple counts contained within onecriminal charge?
2. May the Department of Corrections be charged multiple costs(filing fees, service of process, etc.) pursuant to 28 O.S.153 (1981), as amended, when there are multiple countscontained within one criminal charge?
 I.
¶ 1 The response to your first question must begin with an analysis of 22 O.S. 1277 (1989), which provides:
 From and after the passage and approval of this act, the cost and expenses of criminal prosecutions conducted in any county where a penal institution, community treatment center or state training school is located in this state for violation of any criminal law committed by any prisoner housed in any penal institution, community treatment center or state training school of this state, whether confined therein, permitted to be at large as a trusty or otherwise, except those classified as inmates in the House Arrest Program defined by 57 O.S. 502 of the Oklahoma Statutes, or in the furtherance of an escape, flight, or concealment as a fugitive from any penal institution, community treatment center or state training school and the cost of any habeas corpus proceedings instituted by any prisoner of any penal institution, community treatment center or state training school shall be charged to the State of Oklahoma and shall be paid for out of any funds provided for the support and maintenance of the institution of which the person committing such crime, or instituting such habeas corpus proceedings, is a prisoner, upon the filing of a verified and itemized claim therefor by the district attorney conducting such prosecution, or the court clerk of such county in the cases of habeas corpus proceedings. Provided that the costs and expenses of any such criminal prosecution, regardless of whether the case be tried, dismissed, or otherwise disposed of, shall include the expense and charge of removing, delivering, and keeping the prisoner, the per diem allowance and mileage and expense including meals and lodging of the jury trying the case and the per diem allowance and mileage of the whole panel of jurors in attendance during the trial, stenographer's fees, and the per diem, fees and mileage of sheriff, court and jury bailiffs during the time said case is on trial, witness fees and mileage where the same are required by law to be paid by the county, and such other expenses as are incident to the trial, as well as the fee of any attorney appointed by the court under authority of Sections 464 and 1271 of this title, to defend in such a criminal prosecution. It is further provided that the warden or superintendent of such institution shall certify to the district attorney filing such case, in each such case, that there is sufficient funds on hand for payment of costs and expenses as above set forth, prior to final disposition thereof.
¶ 2 The Director now asks whether the Department of Corrections is obligated to pay the statutory attorney fee per count in an Information, or per case filed.
¶ 3 Title 22 O.S. 1271 is the statute allowing appointment and payment of private attorneys in representation of indigent criminal defendants. 22 O.S. 1271 provides:
 In all criminal cases triable in the State of Oklahoma, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid by the county in which such trial is had, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys so assigned for such services as they may render, such compensation being allowable in any court of record. The attorney shall not be paid a sum to exceed Five Hundred Dollars in any one case, the specific amount to be left to the discretion of the presiding judge. In any county in which a public defender is regularly employed, the court shall appoint such public defender to act as counsel for the defendant. If two or more indigent defendants are charged conjointly, and the public defender cannot justly defend both, the court may appoint and compensate counsel as provided above.
(Emphasis added).
¶ 4 Title 22 O.S. 464 of the same title allows for appointment of counsel prior to a defendant's arraignment, and for attorney's fees for such representation, not to exceed One Hundred Dollars. 22 O.S. 464 and 22 O.S. 1271 must be read in conjunction with each other. If the same attorney, appointed prior to arraignment, represents the defendant through trial, then the attorney is entitled to a maximum fee of Six Hundred Dollars, the sum of the total allowed by each section separately.Bias v. State, 568 P.2d 1269 (Okla. 1977); A.G. Opin. No. 69-359.
¶ 5 In an earlier Attorney General Opinion, it was emphasized that the maximum allowable fee (then $250.00) was the maximum fee per case. For example, in a case where the first jury trial ended in a mistrial, and a second trial was necessary, the court appointed counsel was only permitted the sum of $250.00 because both trials were in the same case. A.G. Opin. No. 69-318 (overruled in part by A.G. Opin. No. 69-359).
¶ 6 The Bias case also noted that in certain "appropriate circumstances" a court appointed lawyer "should be reimbursed for his extraordinary out-of-pocket expenses and compensated for extraordinary professional services." Bias, 568 P.2d at 1272. This Opinion does not address the "extraordinary circumstances" exception.
¶ 7 There have been no Oklahoma cases deciding the per case/per count distinction. There has been an Oklahoma Supreme Court decision holding that where more than one individual is charged in one Information, an attorney's fee can be awarded per defendant. Sanders v. Followell, 567 P.2d 84 (Okla. 1977). That case dealt with 21 O.S. 701.14 (1976), since amended, which provides for payment of attorney fees in cases involving the death penalty, and uses similar language to 22 O.S. 1271. The Oklahoma Supreme Court held:
 While there may be one information or case number, there are three separate cases contained in each information. Each defendant represents one case, and separate trials could be ordered for each defendant. Each attorney could be appointed to represent one defendant.
Sanders, 567 P.2d at 85.
¶ 8 The court then held that 21 O.S. 701.14 allowed the payment of up to Two Thousand Five Hundred Dollars per defendant.
¶ 9 The Intermediate Court of Appeals in Hawaii has decided the precise issue presented for an Opinion here. The sole issue there was whether the word "case" means all matters within the numbered criminal case or each count involved in such case. State v.Przeradzki, 709 P.2d 105 (Hawaii App. 1985). The Hawaii Court determined that in that state's statute, the word "case" meant "case," and not "count."
 II.
¶ 10 The reasoning of the Hawaii court is consistent with that of the extant Oklahoma authority and compels the conclusion that the meaning of the word "case" is not dependent on the number of "counts" alleged or proven. This result receives further support when one compares the language of Oklahoma's "costs in criminal cases" statute to the attorney's fee statutes. Thus, as to the second question presented, one must refer to 28 O.S. 153
(1989), as amended, which reads:
 The clerks of the courts shall collect as costs in every criminal case for each offense of which the defendant is convicted, irrespective of whether or not the sentence is deferred, the following flat charges and no more, except for charges otherwise provided for by law, which fee shall cover docketing of the case, filing of all papers, issuance of process, warrants, orders, and other services to date of judgment:
 For each defendant convicted of a misdemeanor, including violation of any traffic law, other than for driving under the influence of alcohol or other intoxicating substance, whether charged individually or conjointly with others .................................. $57.00
 For each defendant convicted of a felony, other than for driving under the influence of alcohol or other intoxicating substance, whether charged individually or conjointly with others........... $77.00
 For each defendant convicted of the misdemeanor of driving under the influence of alcohol or other intoxicating substance, whether charged individually or conjointly with others........... $157.00
 For each defendant convicted of the felony of driving under the influence of alcohol or other intoxicating substance, whether charged individually or conjointly with others........... $157.00
 For the services of a court reporter at each trial held in the case............................................. $20.00
 For each time a jury is requested...................... $30.00
 A sheriff's fee for serving or endeavoring to serve each writ, warrant, order, process, command, or notice or pursuing any fugitive from justice............................ $20.00 or mileage as established by the Oklahoma Statutes, whichever is greater.
 Prior to conviction, parties in criminal cases shall not be required to pay, advance, or post security for the issuance or service of process to obtain compulsory attendance of witnesses. These fees shall be deposited into the court fund except that the sheriff's fee provided for in this section and the amount provided for in Section 2 of this act, when collected, shall be transferred to the Sheriff's Service Fee Account, created pursuant to the provisions of 19 O.S. 514.1 of the Oklahoma Statutes, of the sheriff in the county in which service is made or attempted.
(Emphasis added).
¶ 11 Thus, costs in a criminal case can be imposed per count, or per offense. The language of 22 O.S. 1271, the attorney fee statute, when read apposite with the above statute, clearly only authorizes one attorney's fee per case.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Where there are multiple counts against one defendant in acriminal case, only one attorney's fee is authorized pursuant to22 O.S. 1271 (1981), as amended. Thus, the Department ofCorrections may not be charged more than one attorney's fee perdefendant per criminal case, even though the case may containmultiple counts against one defendant.
2. Not withstanding the conclusion reached in paragraph one,above, the Department of Corrections may be charged more than oneassessment of court costs per case, pursuant to 28 O.S. 153(1989).
ROBERT H. HENRY Attorney General of Oklahoma
A. DIANE HAMMONS Assistant Attorney General