Michael C. TAYLOR, Petitioner,

v.

The DISTRICT COURT IN AND FOR WASHINGTON COUNTY, State of Oklahoma, The Honorable John Lanning, District Court Judge and the Honorable Myrna Landsdown, Associate District Court Judge, Respondents.

No. 74481.

Supreme Court of Oklahoma.

Sept. 25, 1990.

Michael C. Taylor, Tulsa, for petitioner.

Robert H. Henry, Atty. Gen., Rabindranath Ramana, Asst. Atty. Gen., Oklahoma City, for respondents.

KAUGER, Justice.

In this case of first impression, the petitioner, Michael C. Taylor, requests that we assume original jurisdiction and issue a writ of prohibition to prevent the district court of Washington County from requiring him to represent indigent criminal de-

fendants. The petitioner, whose practice is limited "almost exclusively to workers' compensation and personal injury cases," maintains an office in Tulsa, Oklahoma. Taylor advertises the availability of his legal services in telephone directories which are distributed to several municipalities within the jurisdiction of the Washington County district court. Taylor alleges that as the result of this advertising, he has been arbitrarily, unfairly, unreasonably, unlawfully, and unconstitutionally singled out for court appointments of indigent defendants solely because of his advertising practices. Taylor also asserts that he has been forced to retain the services of a Bartlesville lawyer to comply with the court appointments pressed upon him by the Washington County Judiciary because he is not competent to represent indigent criminal defendants in Washington County. As the result of the district court's refusal to grant his motion to withdraw from representation and of his request to deny future court appointments, the petitioner seeks extraordinary relief.

Under our holding in *State v. Lynch* (1990), 796 P.2d 1150 (Okla.1990), we advised appointing judges to first utilize voluntary pools and lawyers who maintain an office or practice regularly within the judicial district in which the appointment is to be made before resorting to intra-state appointments of counsel. Of course, lawyers cannot be targeted for expressing the first amendment rights to advertise granted by *Bates v. State Bar of Arizona*, 433 U.S. 350, 383, 97 S.Ct. 2691, 2708–09, 53 L.Ed.2d 810, 835 (1977), reh'g denied 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977), and *Shapero v. Kentucky Bar Assoc.*, 486 U.S. 466, 476, 108 S.Ct.1916, 1923, 100 L.Ed.2d 475, 486 (1988). Nor, under the constitutional principles discussed in *Lynch*, is it the responsibility of a lawyer to hire substitute counsel to perform the court appointed duty if the lawyer appointed is not competent to represent indigent defendants.

Under our pronouncement in *Lynch*, Taylor is entitled to a post-appoint-

ment show cause hearing. Although Taylor asserts that he maintains his office in Tulsa, the paperwork before us is insufficient for us to determine whether he regularly practices within the eleventh judicial district. For these reasons, we assume original jurisdiction and issue a writ prohibiting the trial court from appointing counsel until a show cause hearing has been held and the relevant questions determined under the guidelines adopted in *Lynch*.

In reaching these conclusions, we do not rely on federal authorities, and any reference thereto is solely for illustrative purposes.[1] The Oklahoma Constitution provides a bona fide, separate, adequate and independent ground upon which we rest our finding.

ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION GRANTED.

HARGRAVE, C.J., and HODGES, LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, V.C.J., concurring in part and dissenting in part for the reasons explained in *State v. Lynch*, 796 P.2d 1150, 1165 (1990) (OPALA, V.C.J., concurring in part and dissenting in part).

SIMMS, J., concurs in part, dissents in part.

DOOLIN, J., dissents.

SIMMS, Justice, concurring in part, dissenting in part:

The issue in this case is quite narrow. Quoting from petitioner's application to assume original jurisdiction and petition for writ of prohibition, the issue is whether or not the District Court of Washington County "unconstitutionally singled out the petitioner for court-appointed representation based *solely* on the petitioner's propensity for local advertising in the telephone directory distributed to several municipalities within the jurisdiction of the District Court of Washington County." Because the issue is so limited, I find the opinions in

1. *Michigan v. Long*, 463 U.S. 1032, 1042, 103    S.Ct. 3469, 3476, 77 L.Ed.2d 1201, 1214 (1983).

*State v. Lynch,* No. 74,319, 796 P.2d 1150, and *Pontotoc County Bar Association v. Melson,* No. 74,259, 796 P.2d 1150 to be of little help. In relying on those decisions, the majority paints with a far broader brush than is needed to dispose of this matter. We are not faced here with the issue of compensation in death penalty cases, or the overall scheme of appointment of attorneys for indigent defendants in criminal cases.

In his petition for extraordinary relief, petitioner concedes that the district courts have the authority to appoint counsel in cases where it is necessary to have an attorney represent indigent defendants. He further concedes that an attorney should not seek to avoid a court appointment except for good cause; that it is the duty of an attorney to respond to the appointment and do so to the utmost of his legal ability. He argues, however, that under Rule 6.2, Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A, good cause for excuse from the appointment is met when representation of a client is "likely to result in an unreasonable financial burden on the lawyer," and that requiring petitioner and his firm to represent criminal defendants in Washington County is such an undue financial burden.

Representation of an indigent in any criminal case can result in a financial burden on lawyers. This is unfortunate but it is the inevitable consequence of one of the important obligations which goes with the privilege of practicing law. The proper question to resolve here is whether the resulting financial burden is *unreasonable.*

In the case at bar, there was little showing of any financial burden except that petitioner has contracted his court appointments out to another lawyer and has paid him the sum of some $3,000.00. This is a contract entered into by the petitioner himself, however, it was not forced upon him by the court. It is a situation of his own making. Had he responded to the appointments made by the court, he would have been entitled to the statutory rate of compensation and, in addition thereto, it is my position that he would be entitled to recover his extraordinay expenses under the rationale of *Bias v. State,* Okl., 568 P.2d 1269 (1977).

Petitioner's complaint that having to make the 57 mile trip from his Tulsa office to Bartlesville is an undue hardship is not persuasive. With the exception of one short stretch, the entire way from Tulsa to Bartlesville is a four-lane divided highway. Also by his affirmative act of advertising and seeking clients in Bartlesville, petitioner has demonstrated his willingness to make that trip and believes that it is not an unreasonable distance to travel for an attorney-client relationship.

The facts presented do not support petitioner's two-pronged argument as to how the court's decision to appoint him because of his advertising, discriminates against him. First, he contends that he was unfairly singled out because other "non-local" attorneys are excluded for appointment. This argument is misleading. The Bartlesville phone book shows that nine "out of county" attorneys and/or firms who advertise in the Bartlesville directory. Of the nine, *all* except Michael C. Taylor and his Associates, list their addresses as being either in Tulsa or Oklahoma City, or have an "800" number indicating they office outside Washington County. Only Michael C. Taylor and Associates list only a Bartlesville telephone number, without reference to the office location or giving any indication that they are not Bartlesville lawyers. Query whether this is a false or misleading communication proscribed by Rules 7.1, 7.2 of the Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A.

Petitioner's other contention of invidious discrimination is that local Washington County lawyers who work for Phillips Petroleum Company are arbitrarily excluded from appointment also. It is undisputed that the reason the entire Phillips' staff is not included in court-appointment is that many of Phillips' attorneys do not routinely, if ever, appear before the Washington County District Court; that Phillips' attorneys do not hold themselves out as accepting private cases or as practicing law in Washington County; that Phillips' attor-

neys do not advertise in the local telephone book as attorneys who practice in Washington County; Phillips' attorneys are employed by a multi-national corporation with operations conducted worldwide, and their legal activities conducted in Washington County are insignificant as compared to the total legal activities conducted by the company. Notwithstanding these considerations, fourteen Phillips' attorneys have volunteered to be listed on the appointment list.

I should be quick to emphasize that it is not every act of advertising by an "out of county" lawyer which would subject him to appointment by the trial court. In fact, those attorneys who listed out of county addresses and had "800" numbers were not appointed to represent indigent defendants in criminal cases. I would not condone a raid on attorneys in the metropolitan areas to fulfill appointment in indigent cases in the rural counties simply because they advertise in the rural counties. It is only in those instances where attorneys have previously appeared in the courts, their advertising indicates that they have an office within the county, and the respective counties are contiguous or nearly so, that I would approve of an appointment.

This points out another reason that *Lynch* and *Pontotoc County Bar* should not be relied on here. Both decisions advised judges to utilize voluntary pools and lawyers regularly within the *judicial district* in which the appointment is to be made. Washington County and Tulsa County are in different judicial districts. The counties are contiguous, however, and as discussed, access to Bartlesville is speedy.

I can only conclude that petitioner has waived the protection that I would generally afford to "out of county" counsel. Rule 6.1, *Rules of Professional Conduct*, provides: "A lawyer should render public interest legal service." The committee comments to that rule state that "The basic responsibility for providing legal services for those unable to pay ultimately rests upon the individual lawyer, and personal involvement in the problems of the disadvantaged can be one of the most rewarding experiences in the life of the lawyer. Every lawyer, regardless of professional problems or professional workload, should find time to participate in or otherwise support the provision of legal services to the disadvantaged. The provision of free legal services to those unable to pay reasonable fees continues to be an obligation of each lawyer as well as the profession generally, but the efforts of individual lawyers are often not enough to meet the need. Thus, it has been necessary for the profession and government to institute additional programs to provide legal services."

I agree that petitioner is entitled to a post-appointment hearing on the issue of his competence to represent a defendant in a criminal matter. I would limit consideration of the matter to that subject only.

DOOLIN, Justice, dissenting.

The present traditional method of compensation and appointment of competent counsel to represent indigent defendants has worked well and existed in the British Colonial system when John Adams represented the British Troops who perpetrated the Boston Massacre, not to mention the example of Abe Fortas when he sounded Gideon's trumpet in "Modern Times".

I dissent.